**In re Sandra L. TAKESHORSE, Debtor.**

**Bankruptcy No. 94–11422–7.**

United States Bankruptcy Court,
D. Montana.

Oct. 11, 1994.

Final Order Oct. 26, 1994.

---

Douglas Y. Freeman, Hardin, MT, for IFP debtor.

## INTERLOCUTORY ORDER DENYING DEBTOR'S "APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE"

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Debtor has filed an "Application for Waiver of the Chapter 7 Filing Fee" (application) on October 5, 1994.[1] The Debtor also filed on October 5, 1994, a Voluntary Chapter 7 Petition together with completed Schedules and Statements, all of which are duly signed by the Debtor or Debtor's attorney. Upon review of the application,[2] this Court concludes this Debtor does not qualify for the *In Forma Pauperis* (IFP) waiver of the filing fee by virtue of the payment by the Debtor of a $450 retainer to Debtor's attorney for services in connection

with this case, including the completion of the application. The application is denied.

The Chapter 7 petition states that the Debtor estimates that funds will be available for distribution to unsecured creditors. However, the application and Schedules do not indicate that this is an asset case. The Debtor lists no real property and $795 worth of personal property, of which the Debtor claims $770 under exemptions. Debtor is employed at Super 8 Motel at Hardin, Montana, and earns a salary of $352.74 per month, which does not cover Debtor's living expenses of $526.

On the other hand, despite the Debtor's financial condition set forth in the Schedules and application, the Debtor paid a pre-petition retainer to Debtor's attorney in the amount of $450 for services in connection with this case. Under these circumstances, I deem F.R.B.P. 1006(b)(3) applicable to an application seeking IFP waiver of the filing fee[3]. Rule 1006(b)(3), governing postponement of attorney's fees, states: "The filing fee must be paid in full before the debtor or chapter 13 trustee may pay an attorney or any other person who renders services to the debtor in connection with the case." The IFP legislation does not contain any criteria to determine IFP status. Obviously, pauper status must be determined on a case-by-case basis. I conclude that where the Debtor is able to pay an attorney $450 for legal services in connection with a bankruptcy case, the Debtor can clearly afford to pay the $160 filing fee required under 28 U.S.C. § 1930. In summary, the Debtor has not shown inability to pay the filing fee of $160 when the Debtor has the financial ability to pay an

---

1. Under authority of H.R. 2519, the "Department of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriation Act, 1994" (Pub.L. No. 103–121, 107 Stat. 1153), this Court entered General Order 94–2 on September 20, 1994, implementing the pilot program for the in forma pauperis (IFP) fee waiver in the Bankruptcy Court for the District of Montana.

2. The application is incomplete by Debtor's failure to answer paragraph 14, which requests information as to why the Debtor is unable to pay the filing fee in installments. However, since the application must be denied on other grounds the

fact the application is not complete becomes irrelevant.

3. The Advisory Committee note to Rule 1006(b)(3) states the Rule codifies the holdings in *In re Latham*, 271 F. 538 (N.D.N.Y.1921) and *In re Darr*, 232 F. 415 (N.D.Cal.1916). *Darr* involved an in forma pauperis petition seeking waiver of the bankruptcy filing fee. *Darr* holds that "in the order of priority established by the statute the clerk's fee takes precedence over the fees of his [debtor's] attorney, and a bankrupt cannot reverse this order by paying his attorney first and not paying the clerk at all".

attorney fee which substantially exceeds the amount of the filing fee.

IT IS ORDERED the Debtor's "Application for Waiver of the Chapter 7 Filing Fee," filed October 5, 1994, is hereby denied.

IT IS FURTHER ORDERED and NOTICE IS HEREBY GIVEN that after a period of 15 days from the date of entry of this Interlocutory Order, this Court will enter a Final Order denying the Debtor's IFP fee waiver application unless the Debtor, the Office of the U.S. Trustee, or the panel trustee files an objection and/or a request for hearing within that time period.

### FINAL ORDER

In this Chapter 7 case, the Court issued an Interlocutory Order denying the Chapter 7 Debtor's Application For Waiver of the Chapter 7 Filing Fee on grounds the Debtor had failed to show pauper status. The Court file reflects that on this date the Debtor paid the filing fee in full. The Court now incorporates by reference the Interlocutory Order of October 11, 1994, as a final Order.

IT IS ORDERED the Clerk shall enter Judgment denying Debtor's "Application For Waiver of Chapter 7 Filing Fee" filed October 5, 1994.