**In re Juanita Killebrew CLARK, Debtor.**

**Bankruptcy No. 94–30609–K.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Oct. 31, 1994.

Allen C. Jones (pro bono), Memphis, TN, for debtor.

Jimmy L. Croom, Staff Atty., U.S. Trustee's Office, Memphis, TN, for U.S. Trustee for Region 8.

**MEMORANDUM AND ORDER RE DEBTOR'S "APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE ..." COMBINED WITH NOTICE OF THE ENTRY THEREOF**

DAVID S. KENNEDY, Chief Judge.

In this consumer no-asset chapter 7 case the above-named debtor, Juanita Killebrew Clark ("Ms. Clark"), asserts that she is unable to pay the $160.00 filing fee [1] and thus requests a waiver of such fee.

Jurisdiction exists over Ms. Clark and the subject matter herein by virtue of 28 U.S.C. §§ 1334(b) and 157(a) and H.R. 2519, cited as the "Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1994" (Pub.L. No. 103–121; 107 Stat. 1153) (hereinafter "H.R. 2519"). An application filed by an individual debtor for waiver of the chapter 7 filing fee pursuant to the provisions of H.R. 2519 is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

1. See 28 U.S.C. § 1930(a)(1), infra.

The narrow and ultimate question for judicial determination is whether or not the chapter 7 filing fee should be waived in this case.

Considering the existing case record as a whole, the following shall constitute the court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.

The relevant background facts may be briefly summarized as follows: On October 18, 1994, Ms. Clark filed an original petition under chapter 7 of the Bankruptcy Code accompanied with the instant "Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments." Allen C. Jones, Esquire, of Memphis, Tennessee is providing *pro bono* representation to Ms. Clark. Mr. Jones is a member of the Memphis Area Legal Services pro bono referral panel for elderly applicants in need. In accordance with the procedural provisions of local Standing Order, Miscell. No. 94–3, a copy of Ms. Clark's application for waiver of the filing fee was transmitted to the United States trustee for Region 8. See also 11 U.S.C. § 307 and Fed.R.Bankr.P. 2002(k).

Ms. Clark has been unemployed since *1940* and does not anticipate gaining employment in the future. She receives on a monthly basis the sum of $606.00 in social security assistance and $10.00 in food stamps. Her aggregate monthly expenses are as follows:

| Expenses | Amount |
| --- | --- |
| Rent | $173.00 |
| Utilities | 125.00 |
| Food | 150.00 |
| Clothing | 50.00 |
| Transportation | 100.00 |
| Recreation | 20.00 |
| Charitable contributions | 20.00 |
| Life insurance payments | 40.00 |
| Total Monthly Expenses | $678.00 |

Ms. Clark's scheduled assets are as follows:

| Description | Value |
| --- | --- |
| Checking account | $ 60.00 |
| 1977 Datsun automobile (inoperable) | 200.00 |
| Household goods | 1,000.00 |
| Wearing apparel | 500.00 |

Ms. Clark has claimed exemptions in the foregoing personal properties pursuant to TENN.CODE ANN. § 26–2–102.[2]

The following entities are scheduled by Ms. Clark as being holders of unsecured nonpriority claims against her as of the date of the filing of the chapter 7 petition:

| Creditor | Claim |
| --- | --- |
| Gaylors Clinic | $1,432.80 |
| Gaylors Clinic | 387.22 |
| Western Auto | 727.87 |
| Sears Roebuck | 1,134.06 |
| Gaylors Clinic | 49.89 |
| Visa | 1,155.84 |
| Discover Card Services | 1,663.72 |
| Total | $6,551.40 |

Section 14(b)(2) of the former Bankruptcy Act, 11 U.S.C. § 32(b)(2), provided that upon the expiration of the time fixed by the court for filing objections to the discharge, "the court shall discharge the bankrupt if no objection has been filed and if the filing fees *required to be paid by this Act* have been paid in full...." Section 14(c)(8) of the former Bankruptcy Act, 11 U.S.C. § 32(c)(8), similarly provided that the "court shall grant the discharge unless satisfied that the bankrupt ... has failed to pay the filing fees required to be paid by this Act in full."

In *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the Supreme Court in a 5–4 decision held, inter alia,

---

2. TENN.CODE ANN. § 26–2–102 provides as follows:

"**Personal property selectively exempt from seizure.**—Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to his vocation or pursuit or to the ownership of his abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest. [Acts 1978 (Adj. S.), ch. 915, § 3; 1980 (Adj. S.), ch. 919, § 2; T.C.A., § 26–202.]"

that Mr. Kras, an indigent debtor who sought access to the bankruptcy system, had no right to obtain a discharge of debts under the former Bankruptcy Act unless he paid the case filing fee in full. The majority of the Supreme Court found that neither Mr. Kras' due process nor his equal protection rights were unconstitutionally violated by requiring the payment of the filing fee as a condition precedent to the granting of a bankruptcy discharge. *Kras,* 409 U.S. at 443–47, 93 S.Ct. at 637–39. According to the majority of the Court, a rational basis existed for the filing-fee requirement even for indigent debtors. *Id.* at 447–48, 93 S.Ct. at 639–40 (stating that Congress sought to make the bankruptcy system self-sustaining).

The Bankruptcy Reform Act of 1978 repealed and replaced the former Bankruptcy Act. Pub.L. No. 95–598, 92 Stat. 2549 (1978). Section 246(a) of the Bankruptcy Reform Act ("Bankruptcy Code") created 28 U.S.C. § 1930(a), which requires the payment of the filing fee *"notwithstanding section 1915 of this title."* [3] (emphasis added.) Under the Bankruptcy Code, courts still may not permit indigent debtors to proceed in forma pauperis and obtain a discharge of debts. It appears that 28 U.S.C. § 1930(a) essentially codified the decision of the Supreme Court in *United States v. Kras,* supra.

It is expressly noted that under the Bankruptcy Code the failure of the debtor to pay the filing fee is no longer a statutory ground to object to the general discharge. See 11 U.S.C. § 727(a). That is, the Congress has repealed section 14(c)(8) of the former Bankruptcy Act, 11 U.S.C. § 32(c)(8), barring discharge for the debtor's failure to pay the filing fee. However, it must be emphasized that there can be a case dismissal under the Bankruptcy Code for the debtor's failure to pay the chapter 7 filing fee. See 11 U.S.C. § 707(a)(2) and Fed.R.Bankr.P. 1017(b).

On October 27, 1993, H.R. 2519 was enacted. Section 111(d) of H.R. 2519 requires the Judicial Conference of the United States to study the effect of waiving filing fees in chapter 7 cases for individual debtors who are unable to pay such fees in installments.

Specifically, section 111(d) of H.R. 2519 provides and requires that:

* no later than March 31, 1998, the Judicial Conference shall submit to the Committees on the Judiciary of the House of Representatives and the Senate a report relating to the bankruptcy fee system and the impact on the system on various participants in bankruptcy cases including an estimate of the costs and benefits that would result from waiving chapter 7 filing fees payable by individual debtors; recommendations regarding revenue sources to offset the net cost of waiving such fees; an evaluation of the effects that would result in cases under chapters 11 and 13 from using a graduated bankruptcy fee system based on the debtor's assets, liabilities or both; and recommendations regarding various methods to implement such a graduated bankruptcy fee system, section 111(d)(1) and (2);

* a pilot fee waiver program be implemented by the Judicial Conference on October 1, 1994, and studied for a three-year period in not more than six judicial districts under which such fees may be waived in chapter 7 cases for individual debtors who are unable to pay the fees in installments, section 111(d)(3); and

* a system of graduated fees by studies by the Judicial Conference in not fewer than six judicial districts in order to estimate the results of a graduated fee system in chapter 11 and 13 cases, section 111(d)(4).

At its March 1994 meeting the Judicial Conference approved the selection of the following six judicial districts to participate in the statutory pilot program and study in chapter 7 cases of the impact of in forma pauperis in the bankruptcy courts: the Southern District of Illinois, the District of Montana, the Eastern District of New York, the Western District of Pennsylvania, *the Western District of Tennessee,* and the District of Utah.

---

**3.** 28 U.S.C. § 1915 is the general federal in forma pauperis statute that permits fees to be waived; however, 28 U.S.C. § 1915 is not applicable in bankruptcy cases due to the statutory language of 28 U.S.C. § 1930(a).

**146**

■ Because indigency status warranting in forma pauperis relief under chapter 7 is not statutorily defined, the pilot bankruptcy courts established pursuant to H.R. 2519 must judicially determine on a case-by-case basis whether such relief is appropriate. In proceedings filed by individual chapter 7 debtors under H.R. 2519 seeking in forma pauperis relief, the court will apply a totality of the pre- and postpetition facts and circumstances analysis in determining whether or not to waive the filing fee. Ms. Clark has the burden of proof here and must demonstrate by the preponderance standard that she is unable to pay the filing fee in installments.

■ Although Ms. Clark, a social security and food stamp recipient, is technically eligible for relief under chapter 13 of the Bankruptcy Code, it is abundantly clear that an inability to fund a meaningful and feasible repayment plan exists. See, e.g., 11 U.S.C. § 1325(a)(6). Ms. Clark has no non-exempt personal properties. She owns no real property and has no monetary savings of any kind. Her meager monthly income exceeds her austere budget. The aggregate amount of Ms. Clark's annual social security and food stamp benefits is far below the federal poverty level. No extravagance exists in her lifestyle. There is no suggestion of a pattern that she is living beyond her means. She has been unemployed since 1940 and does not anticipate gaining employment in the future. It does not appear that she is seeking to use or abuse the provisions of chapter 7 to gain relief from past excesses. The Memphis Area Legal Services referred Ms. Clark to Allen C. Jones, Esquire, who is providing her with pro bono legal assistance.

■ Ms. Clark's claim that she is unable to pay the full filing fee even in installments is fully and clearly supported by detailed statements of her financial condition. Her statements, made under penalty of perjury, are unchallenged by the United States trustee after notice and opportunity for a hearing. Upon an independent review of the existing case record, the court accepts Ms. Clark's factual allegations as true. See, e.g., *Kras,* 409 U.S. at 459, 93 S.Ct. at 645 (citing *Poller v. Columbia Broadcasting Sys.,* 368 U.S. 464,

82 S.Ct. 486, 7 L.Ed.2d 458 (1962) and *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

Stated most simply, the court finds, considering a totality of the particular pre- and postpetition facts and circumstances, that Ms. Clark could not afford to pay the $160.00 filing fee at the time of the filing of the chapter 7 petition, and further that she cannot afford to pay such fee in installments under 28 U.S.C. § 1930(a) and Fed. R.Bankr.P. 1006(b). If the court denied the instant application for waiver of the filing fee and compelled Ms. Clark to pay such fee or face dismissal of her chapter 7 case, she could pay the fee only by foregoing certain basic necessities of life.

In accordance with the foregoing Memorandum, the court hereby grants Ms. Clark's application seeking to waive the chapter 7 filing fee (without prejudice and subject to being vacated at a later date if such approval proves to have been improvident in light of developments not known at the time of its entry).

The Bankruptcy Clerk shall promptly transmit or mail a copy of this Order and Notice to Ms. Clark, her pro bono attorney, the United States trustee for Region 8, the Chapter 7 trustee, and the Court's Financial Administrator and In Forma Pauperis Clerk.

**IT IS, THEREFORE, SO ORDERED.**