### In re Cynthia L. Rainey THOMPSON, a/k/a Cindi Thompson, a/k/a Cindi Rainey, Debtor.

### Bankruptcy No. 94–12152–GHB.

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

Nov. 22, 1994.

James L. Croom, Staff Atty., U.S. Trustee, Region 8, Memphis, TN.

Ted M. Hunderup, Chapter 7 Trustee, Humboldt, TN.

Michael T. Tabor, Jackson, TN, for debtor.

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE

G. HARVEY BOSWELL, Bankruptcy Judge.

On October 13, 1994, the debtor, Cynthia L. Rainey Thompson, filed a Voluntary Chapter 7 Petition, together with completed Schedules and Statements, as well as an application for waiver of the Chapter 7 filing fee.[1] A hearing was held on November 16, 1994 to determine whether the debtor is entitled to the *In Forma Pauperis* ("IFP") waiver of the $160.00 filing fee.

■ This court has jurisdiction over Ms. Thompson and the subject matter herein pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and H.R. 2519. By virtue of 28 U.S.C. § 157(b)(2)(A), this application for waiver of the Chapter 7 filing fee pursuant to the provisions of H.R. 2519 is a core proceeding. The following shall serve as the court's findings of fact and conclusions of law. Fed. R.Bankr.P. 7052.

■ Whether or not IFP relief is appropriate is to be determined on a case-by-case basis. The debtor has the burden of proving by a preponderance of the evidence that she is unable to pay the filing fee in installments. In making its determination, the court shall consider the "totality of the circumstances." *In re Clark,* 173 B.R. 142 (Bkrtcy.W.D.Tenn. 1994).

Ms. Thompson testified before the court that she is employed and earns approximately $302.00 per month and that she receives $180 each month in child support. She also testified that her husband, who did not file bankruptcy, earns approximately $7.50 per hour. The schedule of income that was submitted with the fee waiver application indicates that the Thompson's total combined monthly net income is $1599, while their total monthly expenses are approximately $1612. Debtor testified that at the time she filed her

---

1. Pursuant to section 111(d) of H.R. 2519, the "Department of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriation Act, 1994" (Pub.L.No. 103–121, 107 Stat. 1153), the Judicial Conference selected the West- ern District of Tennessee to be one of the participants in a pilot program designed to study the effects of waiving filing fees in Chapter 7 cases for individual debtors who are not able to pay such fees in installments.

Chapter 7 petition, she and her husband were not paying rent. However, due to a change in circumstances, they are now paying $400 a month in rent. Finally, debtor testified that she has paid her attorney $500.00 for services in connection with this case. She stated that her husband paid these attorney fees.

Because the debtor paid her attorney a fee, Rule 1006(b)(3) [2] strictly prohibits this court from waiving the filing fee in the present case. Rule 1006(b)(3) clearly states that the filing fee must be paid in full before the debtor may pay an attorney for services rendered in the debtor's bankruptcy case. Therefore, the court finds and concludes that the debtor simply has not shown an inability to pay the filing fee of $160.00 in installments, when the debtor has exhibited the financial ability to pay an attorney fee which is substantially more than the amount of the filing fee. *See In re Takeshorse,* 177 B.R. 99 (Bkrtcy.D.Mt.1994).

Therefore, the debtor's "Application for Waiver of the Chapter 7 Filing Fee" is hereby denied. In order to avoid case dismissal, the debtor must pay the filing fee in full or timely file an application to pay the fee in installments.

**IT IS, THEREFORE, SO ORDERED.**

---

2. Rule 1006(b)(3) of the Federal Rules of Bankruptcy Procedure states: "the filing fee must be paid in full before the debtor or chapter 13 trustee may pay an attorney or any other person who render services to the debtor in connection with the case."