In re Donna R. **BEECHAM**, Debtor.

Bankruptcy No. 94–12236.

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Dec. 5, 1994.

---

Michael T. Tabor, Jackson, TN, for Ms. Beecham.

Carolyne B. Avery, Financial Administrator, U.S. Bankruptcy Court, Memphis, TN.

James L. Croom, Staff Atty., U.S. Trustee, Region 8, Memphis, TN.

Ted M. Hunderup, Chapter 7 Trustee, Humbolt, TN.

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S "APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE"

G. HARVEY BOSWELL, Bankruptcy Judge.

On October 25, 1994, the debtor, Donna R. Beecham, filed a Voluntary Chapter 7 Petition, together with completed Schedules and Statements, as well as an application for waiver of the Chapter 7 filing fee.[1] A hearing was held on November 16, 1994 to determine whether the debtor is entitled to the *In Forma Pauperis* ("IFP") waiver of the $160.00 filing fee.

This court has jurisdiction over Ms. Beecham and the subject matter herein pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and H.R. 2519. By virtue of 28 U.S.C. § 157(b)(2)(A), this application for waiver of the Chapter 7 filing fee pursuant to the provisions of H.R. 2519 is a core proceeding. The following shall serve as the court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

Whether or not IFP relief is appropriate is to be determined on a case-by-case basis. The debtor has the burden of proving by a preponderance of the evidence that she is unable to pay the filing fee in installments. In making its determination, the court shall consider the "totality of the circumstances." *In re Clark,* 173 B.R. 142 (Bankr.W.D.Tenn. 1994).

Ms. Beecham testified that she is currently employed and is separated from her husband. Although her husband is not paying any child support for debtor's three year old daughter, debtor testified that he does provide insurance for both debtor and her daughter. Debtor's schedules indicate that her income is approximately $804 per month and that her expenses are approximately $1075 per month. Debtor's schedules also indicate that she has a pending Workers Compensation claim. Ms. Beecham stated in her testimony that most of her debts are medical expenses. Although a substantial discrepancy exists between debtor's monthly income and her monthly expenses, debtor was still able to pay her attorney a $500 fee. However, debtor stated that she borrowed the $500 from her sister to pay the attorney's fee.

Because the debtor paid her attorney a fee, Rule 1006(b)(3)[2] strictly prohibits this court from waiving the filing fee in the present case. Rule 1006(b)(3) clearly states that the filing fee must be paid in full before the debtor may pay an attorney for services rendered in the debtor's bankruptcy case. Therefore, the court finds and concludes that despite the debtor's unfortunate circumstances, she simply has not shown an inability to pay the filing fee of $160.00 in installments. Because the debtor has the financial ability to pay a substantial attorney's fee, this court must conclude that she also has

---

1. Pursuant to section 111(d) of H.R. 2519, the "Department of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriation Act, 1994" (Pub.L. No. 103–121, 107 Stat. 1153), the Judicial Conference selected the Western District of Tennessee to be one of the participants in a pilot program designed to study the effects of waiving filing fees in Chapter 7 cases for individual debtors who are not able to pay such fees in installments.

2. Rule 1006(b)(3) of the Federal Rules of Bankruptcy Procedure states: "the filing fee must be paid in full before the debtor or chapter 13 trustee may pay an attorney or any other person who render services to the debtor in connection with the case."

the ability to pay the filing fee. *See In re Takeshorse,* 177 B.R. 99 (Bankr.D.Mt.1994). The court notes that the fact that debtor borrowed the money to pay her attorney is not relevant to the court's analysis.

Therefore, the debtor's "Application for Waiver of the Chapter 7 Filing Fee" is hereby denied. Within thirty days the debtor must pay the filing fee in full or file an application to pay the fee in installments, in order to avoid case dismissal.

**IT IS, THEREFORE, SO ORDERED.**