**In re Delois DOTSON, Debtor.**

**Bankruptcy No. 94–11824.**

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

Feb. 23, 1995.

---

Nathan B. Pride, Jackson, TN, for debtor.

Jimmy L. Croom, Office of the U.S. Trustee, Memphis, TN.

Ted M. Hunderup, Interim Chapter 7 Trustee, Humboldt, TN.

## MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE

G. HARVEY BOSWELL, Bankruptcy Judge.

On September 1, 1994, the debtor, Delois Dotson, filed a Voluntary Chapter 13 petition, together with completed Schedules and Statements. On December 16, 1994, the debtor converted her case to a case under Chapter 7 of the Bankruptcy Code and filed an application for waiver of the Chapter 7 filing fee.[1] A hearing was held on February 15, 1995 to determine whether the debtor is entitled to the *In Forma Pauperis* ("IFP") waiver of the $160.00 filing fee.

This court has jurisdiction over Ms. Dotson and the subject matter herein pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and H.R. 2519. By virtue of 28 U.S.C. § 157(b)(2)(A), this application for waiver of the Chapter 7 filing fee pursuant to the provisions of H.R. 2519 is a core proceeding. The following shall serve as the court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

1. Pursuant to section 111(d) of H.R. 2519, the "Department of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriation Act, 1994" (Pub.L. No. 103–121, 107 Stat. 1153), the Judicial Conference selected the Western District of Tennessee to be one of the participants in a pilot program designed to study the effects of waiving filing fees in Chapter 7 cases for individual debtors who are not able to pay such fees in installments.

2. Ms. Dotson's aggregate monthly expenses as stated in her fee waiver application are as follows:

| Expenses | Amount |
|---|---|
| Utilities | $222.00 |
| Food | $200.00 |

Whether or not IFP relief is appropriate is to be determined on a case-by-case basis. The debtor has the burden of proving by a preponderance of the evidence that she is unable to pay the filing fee in installments. In making its determination, the court shall consider the "totality of the circumstances." *In re Clark,* 173 B.R. 142 (Bankr.W.D.Tenn. 1994).

Ms. Dotson's fee waiver application indicates that her only monthly income is from welfare and is a meager $142.00 per month, while her aggregate monthly expenses as stated in her fee waiver application total $472.00.[2] She testified that she also receives food stamps. Her fee waiver indicates that her grandson lives with her and that she supports her grandson. Ms. Dotson stated that although she worked in a school cafeteria for approximately eight years, she is now disabled and has not been able to return to work. She is currently in the process of attempting to obtain Social Security disability benefits. Ms. Dotson testified that her sister assists her in paying the listed monthly living expenses. However, in her fee waiver application, Ms. Dotson stated that her sister is also currently unemployed.

Furthermore, Ms. Dotson has virtually no assets. On January 9, 1995, an order was entered granting the mortgagee of her house relief from the automatic stay and giving the mortgagee permission to proceed with foreclosure. Her only other scheduled assets consist of household goods and furnishings, in which she has claimed an exemption pursuant to Tenn.Code Ann. § 26–2–102.[3]

| | |
|---|---|
| Clothing | $ 50.00 |
| Total monthly expenses: | $472.00 |

3. TENN.CODE ANN. § 26–2–102 provides as follows:

"**Personal property selectively exempt from seizure.**—Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to his vocation or pursuit or to the ownership of his abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or

Finally, although Ms. Dotson has agreed to pay her attorney, Nathan Pride, $500.00 to represent her in these proceedings, she had not paid any money to him as of the date of the IFP hearing. Moreover, she has not shown that she even has the ability to pay her attorney. Furthermore, Mr. Pride maintains that he will continue to represent Ms. Dotson in her Bankruptcy case regardless of whether or not he receives a fee in return.

After reviewing the debtor's fee waiver application and Chapter 7 petition, listening to debtor's testimony, and considering the entire record, the Court finds and concludes that the debtor has proven that she is unable to pay her fee in installments and that she is entitled to receive a waiver of the filing fee. Ms. Dotson's income is not enough to meet her ordinary living expenses, and she must depend on her sister, who is not currently employed, for support. Furthermore, she has no assets except for some exempt household goods and furnishings.

For the reasons stated in the foregoing Memorandum Opinion, the court hereby grants Ms. Dotson's application seeking to waive the Chapter 7 filing fee.

**IT IS, THEREFORE, SO ORDERED.**

other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest. [Acts 1978 (Adj. S.), ch. 915, § 3; 1980 (Adj. S.), c. 919, § 2; T.C.A., § 26–202.]"