**In re Ezell SHANNON, Debtor.**

**Bankruptcy No. 94–30567–WHB.**

United States Bankruptcy Court, W.D. Tennessee.

March 28, 1995.

Jerome C. Payne, Memphis, TN, for Mr. Shannon.

Madalyn Scott, Staff Atty., U.S. Trustee, Region 8, Memphis, TN.

George W. Emerson, Interim Chapter 7 Trustee, Memphis, TN.

## MEMORANDUM AND ORDER RE DEBTOR'S "APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE ..."

WILLIAM H. BROWN, Bankruptcy Judge.

In this Chapter 7 case, the debtor, Ezell Shannon, moves this Court for waiver of the Chapter 7 filing fee in a consumer no-asset case.[1] Initially, on October 17, 1994, the debtor filed a voluntary Chapter 7 bankruptcy petition with, among other papers, an attached application and order to pay the filing fee in installments under Fed. R.Bankr.P. 1006(b)(1). Pursuant to Fed. R.Bankr.P. 2016(b), the debtor's attorney, Jerome C. Payne, filed a statement that the debtor had promised to pay him $100.00 for representation in this Chapter 7 case but that none had been paid. On February 23, 1995, approximately four months after filing the Chapter 7 petition, Mr. Shannon filed an "Application for Waiver of the Chapter 7 Filing Fee...," and it's filing was triggered by the Court's "Sua Sponte Order and Notice of Hearing to Consider Dismissal of Case for Failure to Pay Filing and/or Administrative Fee."[2]

Pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and H.R. 2519, the Court has jurisdiction over Mr. Shannon and the subject matter herein. An application for waiver of the Chapter 7 filing fee pursuant to the provisions of H.R. 2519 is a core proceeding, under 28 U.S.C. § 157(b)(2)(A).

In accordance with Fed.R.Bankr.P. 7052, the following shall serve as the Court's findings of fact and conclusions of law.

The paramount question presented to the Court is whether this application should be granted, and the underlying question is whether the application was timely filed, and if not timely filed, whether that untimeliness is fatal to the fee waiver being granted.

First, the debtor has failed to make any installment payments in accordance with his initial application and the resultant order to pay the filing fee in installments. Fed. R.Bankr.P. 1006(b)(1). On February 2, 1995, the clerk's office scheduled the Court's sua sponte hearing to consider dismissal of the case for the debtor's failure to make the installment payments. The debtor's attorney appeared in open court, on February 23, 1995, and requested additional time to pay the filing fee or in the alternative to file the fee waiver application.[3] Such applications seek in forma pauperis ("IFP") relief.

---

1. H.R. 2519, section 111(d), the "Department of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriation Act, 1994" (Pub.L. No. 103–121, 107 Stat. 1153), provides that the Western District of Tennessee is one of six judicial districts selected by Congress to participate in a pilot program to study the effects of allowing a Chapter 7 no-asset debtor to receive a discharge of debts without paying a filing fee.

2. Such sua sponte hearings are held routinely in Chapter 7 cases when filing fees are not paid pursuant to the installment payment application.

3. Mr. Shannon's request that he may have additional time to pay the filing fee is permissible pursuant to Fed.R.Bankr.P. 1006(b)(2), which provides that "[f]or cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition." In this case, April 17,

Fed.R.Bankr.P. 5005(a) states that "[t]he clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices." Thus, the Bankruptcy Court clerk is required to accept all IFP applications for filing, whether considered timely or not. It is then a judicial function to determine the effects of any untimeliness.

■ The facts presented before the Court for determining whether the filing fee in this case should be waived are as follows: Presently, the debtor is unemployed. The debtor wishes to receive a discharge and avoid attachment on a 1978 Ford pick-up truck valued at approximately $1,000.00, following a general sessions judgment for First Tennessee Bank. It appears that this is a single creditor case. The debtor's Schedule F to his bankruptcy petition reflects that the bank is owed the sum of $2,000.00.

The debtor's petition states that he earned $17,000 in 1992 and 1993 while employed by the Memphis Defense Depot and that his earnings dropped to $9,000.00 in 1994 after becoming self-employed.[4] Mr. Shannon states that he has no cash nor nonexempt assets. In the fee waiver application, the debtor claims one "Ford 1979"[5] truck valued at approximately $800.00. Mr. Shannon lives a meager lifestyle that includes rent of $150.00, electricity of $160.00, telephone of $55.00, food of $100.00, clothing of $30.00, laundry/cleaning of $55.00, totaling $550.00. His Schedule J consistently reflects monthly expenses of $550.00.

Pursuant to 11 U.S.C. § 522(b)(1), the debtor claimed an exemption in his 1978 Ford truck under TENN.CODE ANN. § 26–2–102[6] valued at $800.00, household goods under TENN.CODE ANN. § 26–2–103[7] valued at $400.00, and wearing apparel, also, under TENN.CODE ANN. § 26–2–103 valued at $200.00. He has no real property.

1995, is the 180 day deadline from the date of filing the petition.

Assuming the debtor demonstrates "cause" under Fed.R.Bankr.P. 1006(b)(2), the Court could enlarge the time for the debtor to pay the filing fee to April 17, 1995. If the debtor does not show sufficient cause, Fed.R.Bankr.P. 1006(b)(2) authorizes the Court to consider a dismissal of the case. Here, the Court has determined that the additional time to pay the filing fee is unnecessary and that the Chapter 7 case should not be dismissed, but instead, the Court shall rule on whether the filing fee should be waived.

4. According to the sworn fee waiver application, beginning September 26, 1993, Mr. Shannon has been unemployed, although his Chapter 7 Schedule I shows that he was self-employed earning approximately $550.00 each month. The Court suspects that Mr. Shannon made a mistake and that his last date of employment was September 26, 1994.

5. Debtor provided the incorrect year in the "Application for Waiver of the Chapter 7 Filing Fee...."

6. TENN.CODE ANN. § 26–2–102 states, the following:

Personal property selectively exempt from seizure.—Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to his vocation or pursuit or to the ownership of his abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest. [Acts 1978 (Adj. S.), ch. 915, § 3; 1980 (Adj. S.), ch. 919, § 2; T.C.A., § 26–202.]

7. TENN.CODE ANN. § 26–2–103 provides for exemptions of personal property regardless of the value, as follows:

Additional personal property absolutely exempt. (a) In addition to the exemption set out in § 26–2–102, there shall be further exempt to every resident debtor the following specific articles of personalty:

(1) All necessary and proper wearing apparel for the actual use of himself and family and the trunks or receptacles necessary to contain same;

(2) All family portraits and pictures;

(3) The family Bible and school books.

(b) The exemption under this section is absolute, and may be exercised by the judgment debtor before or after issuance of any execution, seizure or attachment by a judgment creditor, unless a judgment creditor, is by execution, foreclosing a security agreement on such property. [Acts 1978, ch. 915, § 5; T.C.A., § 26–204.]

The debtor is actively searching for employment although he has been unsuccessful. Mr. Shannon has promised to pay or does anticipate paying $100.00 to his attorney, Jerome C. Payne, but he has not paid any monies to his counsel. Mr. Payne stated in open court on March 23, 1995, that he had not yet been paid.

Recently, the Honorable G. Harvey Boswell of this District held that "Rule 1006(b)(3) clearly states that the filing fee must be paid in full before the debtor may pay an attorney for services rendered in the debtor's bankruptcy case." *In re Beecham,* 181 B.R. 335 (W.D.Tenn.1994); *In re Thompson,* 177 B.R. 890 (W.D.Tenn.1994). The court reaffirmed the analysis in *In re Takeshorse,* 177 B.R. 99 (Bankr.D.Mont.1994) that "the debtor has not shown inability to pay the filing fee when the Debtor has the financial ability to pay an attorney fee, which substantially exceeds the amount of the filing fee." *Id.* at 100–01. The Honorable David A. Scholl of the Eastern District of Pennsylvania, another IFP pilot study participant, has disagreed holding that Fed.R.Bankr.P. 1006(b)(3) is not applicable to the IFP pilot program. *In re Koren,* 176 B.R. 740 (Bankr. E.D.Penn.1995). This Court need not address the applicability of Fed.R.Bankr.P. 1006(b)(3) in this case as it is clear that Mr. Shannon has not paid his essentially pro bono counsel.

■ Compensating counsel is only one factor to consider in determining whether a debtor is able to pay the filing fee. Chief Judge David S. Kennedy established that "[i]n proceedings filed by individual chapter 7 debtors under H.R. 2519 seeking in forma pauperis relief, the court will apply a totality of the pre- and postpetition facts and circumstances analysis in determining whether or not to waive the filing fee." *In re Clark,* 173 B.R. 142, 146 (W.D.Tenn.1994). The debtor must prove by a preponderance of the evidence that she is unable to pay the filing fee in installments. *Id.* Judge Kennedy granted the fee waiver where that debtor, Ms. Clark, had no savings nor nonexempt assets, had an income below the federal poverty level, lived a meager lifestyle, and did not

appear "to use or abuse the provisions of chapter 7 to gain relief from past excesses." *Id.* In that case, an attorney provided Ms. Clark with pro bono legal assistance. Judge Kennedy found a debtor who deserved relief. "If the court denied the instant application for waiver of the filing fee and compelled Ms. Clark to pay such fee or face dismissal of her chapter 7 case, she could pay the fee only by foregoing certain basic necessities of life." *Id.*

In a similar case, *In re Dotson,* 179 B.R. 85 (W.D.Tenn.1995), decided by Judge G. Harvey Boswell, where a debtor had promised to pay an attorney $500.00 to represent her in a Chapter 7 case, but had not paid any monies to him as of the date of the IFP hearing and the attorney agreed to continue to represent the debtor in her bankruptcy case regardless of whether or not he received a fee, the court granted the fee waiver with the following reasoning:

> After reviewing the debtor's fee waiver application and chapter 7 petition, listening to debtor's testimony, and considering the entire record, the Court finds and concludes that the debtor has proven that she is unable to pay her fee in installments and that she is entitled to receive a waiver of the filing fee. Ms. Dotson's income is not enough to meet her ordinary living expenses, and she must depend on her sister, who is not currently employed, for support. Furthermore, she has no assets except for some exempt household goods and furnishings.

*Id.*

Therefore, in considering the totality of the circumstances, as other Bankruptcy Judges in this district have done, this Court finds that Mr. Shannon is eligible to have his fee waiver granted. He, too, appears to be an honest but unfortunate debtor, deserving of this relief.

Finally, there is no specifically stated timeliness for filing a fee waiver application nor is there any Code or Rule provision that untimeliness is fatal to an application being granted. Fed.R.Bankr.P. 1006(a) provides that "[e]very petition shall be accompanied by the prescribed filing fee" except where a debtor is unable to pay the filing fee in full

and the petition is "accompanied by the debtor's signed application stating that the debtor is unable to pay the filing fee except in installments." Fed.R.Bankr.P. 1006(b)(1). In reference to the IFP program, H.R. 2519, § 111(d) and the Federal Rules Bankruptcy Procedure are both silent regarding when the fee application should be filed. The Standing Order signed by all the Bankruptcy Judges in this District and filed on September 7, 1994, Miscell. No. 94–3, provides guidelines and procedures for the IFP pilot program in its attachment A, and page 2 states, as follows:

> Upon the filing in this District by an individual of a "petition" under chapter 7 (Official Form No. 1) accompanied by an original and two copies of the uniform form "Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments" ("Application") referred to in the Court's "Standing Order," Miscell. No. 94–3, the following guidelines and procedures will be effective on October 1, 1994, and shall govern all chapter 7 cases thereafter commenced during the three-year period contained in H.R. 2519.

Procedures set forth in the Standing Order and its attachment are similar to the procedures under Fed.R.Bankr.Proc. 1006(b)(1) regarding the application to pay the fee in installments. If the application is not timely filed in accordance with the procedures in the clerk's office, the clerk is to issue a deficiency notice and failure to comply by the date set in the deficiency notice may constitute cause warranting dismissal of the case.

■ The Court has broad equitable discretion in matters regarding timeliness of applications to be decided on a case by case basis, considering the totality of the particular facts and circumstances. The Court finds that although the IFP procedures implicate that the fee waiver application should be filed with the Chapter 7 petition, and it is advisable for debtors to do so, there is no per se requirement that the debtor must file the fee waiver application within a specified time. Untimeliness alone does not mandate denial of this application.

Pursuant to the foregoing memorandum, the debtor's "Application for Waiver of the Chapter 7 Filing Fee" is hereby granted. As the time for filing § 727(a) and § 523(c) complaints has expired and none are pending, when the case is otherwise administratively ripe, the clerk shall grant the debtor a discharge and then proceed to close this case.

The clerk shall promptly mail a copy of this Memorandum and Order to Mr. Shannon, the attorney for Mr. Shannon, the United States Trustee for Region 8, the Chapter 7 trustee, the Court's Financial Administrator and the Court's In Forma Pauperis Clerk.

**IT IS, THEREFORE, SO ORDERED.**