**In re Evelyn Renee CALDWELL, Debtor.**

**Bankruptcy No. 96–35089–B.**

United States Bankruptcy Court,
W.D. Tennessee.

Jan. 2, 1997.

Viola E. Johnson, Memphis, TN, for Debtor.

Ellen B. Vergos, United States Trustee, Region 8, Memphis, TN.

**MEMORANDUM OPINION ON DEBTOR'S APPLICATION FOR WAIVER OF CHAPTER 7 FILING FEE AND ON UNITED STATES TRUSTEE'S OBJECTION**

WILLIAM H. BROWN, Bankruptcy Judge.

Pending before the Court is the debtor's application for waiver of the chapter 7 filing fee and the United States Trustee's objection to that application. At issue is whether the debtor is entitled to the In Forma Pauperis

(IFP) waiver of the chapter 7 filing fee despite the fact that the debtor has paid $100.00 to her attorney. Based on the analysis below, the United States Trustee's objection will be denied and the debtor's IFP application will be granted.

This Court has jurisdiction over Ms. Caldwell and the subject matter herein pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and H.R. 2519.[1] By virtue of 28 U.S.C. § 157(b)(2)(A), this application for waiver of the chapter 7 filing fee pursuant to the provisions of H.R. 2519 is a core proceeding. The following constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

**FACTUAL SUMMARY**

The facts giving rise to the instant controversy are undisputed. On November 12, 1996, the debtor filed a chapter 7 petition together with an application for waiver of the chapter 7 filing fee. On November 18, 1996, the United States Trustee filed an objection to the debtor's application for waiver of the filing fee because the debtor had paid $100.00 to her attorney for services in connection with this case and had promised to pay an additional $300.00 at a later time. The Trustee argues that the debtor's fee waiver application should be denied pursuant to Federal Rule of Bankruptcy Procedure 1006(b)(3), which prohibits payment to an attorney until after the filing fee is paid in full.

**DISCUSSION**

 In applications filed by individual chapter 7 debtors under H.R. 2519 seeking in forma pauperis relief, the court will apply a totality of the pre- and postpetition facts and circumstances, on a case by case analysis, in determining whether or not to waive the filing fee. *In re Clark*, 173 B.R. 142, 146 (Bankr.W.D.Tenn.1994). The debtor has the burden of proving by a preponderance of the

---

1. Pursuant to section 111(d) of H.R. 2519, the "Department of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriation Act, 1994" (Pub.L. No. 103–121, 107 Stat. 1153), the Judicial Conference selected the Western District of Tennessee to be one of the participants in a pilot program designed to study the effects of waiving filing fees in chapter 7 cases for individual debtors who are not able to pay such fees in installments.

evidence that she is unable to pay the filing fee in installments. *Id.*

 Considering the totality of the facts and circumstances of the case at bar, this Court concludes that the debtor has proven by a preponderance of the evidence that she is unable to pay the filing fee, even in installments. The debtor's monthly expenses exceed $1,228.00, while her monthly income is only $1,050.00. Additionally, the debtor is a single mother who is currently raising a 10 year old son and is assisting in the support of her disabled mother.

The United States Trustee argues that the debtor's fee waiver application should be denied pursuant to Federal Rule of Bankruptcy Procedure 1006(b)(3), because the debtor has paid $100.00 to her attorney. Rule 1006(b)(3) states:

> Postponement of Attorney's Fees. The filing fee must be paid in full before the debtor or chapter 13 trustee may pay an attorney or any other person who renders services to the debtor in connection with the case.

Notwithstanding Rule 1006(b)(3), this Court concludes that a payment made by the debtor to her attorney necessarily will not prevent the debtor from succeeding on her fee waiver application. Compensating counsel is only one factor to consider in determining whether a debtor is able to pay the filing fee. *In re Shannon,* 180 B.R. 189, 192 (Bankr.W.D.Tenn.1995). In the present case, this debtor's payment of $100.00 to her attorney should not prevent an otherwise deserving debtor from proceeding IFP. As to her agreement to pay additional and future fees to her attorney, the debtor testified that she was unable to pay those fees now or in the foreseeable future and that she agreed to pay additional attorney fees only when and if she was able to do so.

At least one court has held that Rule 1006(b)(3) is inapplicable to a situation where the debtor is permitted to proceed in forma pauperis. *In re Koren,* 176 B.R. 740, 747 (Bankr.E.D.Pa.1995). Even assuming that Rule 1006(b)(3) is applicable to the case at bar, this Rule is in conflict with the bankruptcy IFP statute found in H.R. 2519.

When a "rule is in conflict with the statute, the statute controls and the rule must be disregarded." *In re Klein,* 119 B.R. 971, 981 (N.D.Ill.1990). Therefore, if there is a conflict between Rule 1006(b)(3) and H.R. 2519, Rule 1006(b)(3) must yield to H.R. 2519.

### CONCLUSION

Based on the analysis above, by separate order, the United States Trustee's objection will be denied and the debtor's IFP application will be granted.