In re Keita LASSINA, d/b/a Keita Auto Repair, Debtor.

Julie Ann Benoit, Plaintiff,

v.

Keita Lassina, d/b/a Keita Auto Repair, Defendant.

Bankruptcy No. 00–32437KJC. Adversary No. 01–094.

United States Bankruptcy Court, E.D. Pennsylvania.

April 20, 2001.

Ronald J. Sharper, Philadelphia, PA, for debtor.

Julie Ann Benoit, Upper Darby, PA, pro se.

Frederic J. Baker, Sr., Assistant Philadelphia, PA, United States Trustee.

## MEMORANDUM

KEVIN J. CAREY, Bankruptcy Judge.

Before the Court is the application of Julie Ann Benoit ("the plaintiff"), acting *pro se*, seeking to waive the fees and costs of filing her Complaint in Objection to the Discharge of certain of the Debtor's Debts (the "Complaint") against the debtor, Keita Lassina d/b/a Keita Auto Repair. For the reasons discussed herein, the Application will be denied.

The plaintiff alleges that she is a creditor in the debtor's chapter 7 bankruptcy case. The Complaint challenges the debtor's right to discharge under "Bankruptcy Code § 729, § 523(a)(2), (4), (6) or (15)." *See* plaintiff's Adversary Proceeding Cover Sheet. With the Complaint, the plaintiff filed an Application to Proceed *In Forma Pauperis* asserting that she is unable to pay the filing fees and "unable to obtain funds from anyone, including my family and associates."

The authority to proceed *in forma pauperis* (IFP) is found in 28 U.S.C. § 1915(a), which provides, in relevant part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a).

By way of historical background, in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the U.S. Supreme Court held that 28 U.S.C. § 1915(a) did not allow for waiver of the fees for filing a bankruptcy petition. The Supreme Court observed that "there is no constitutional right to obtain a discharge of one's debts in bankruptcy," and further held the statutory fee requirements as not violative of due process or equal protection rights. *Kras*, 409 U.S. at 446, 93 S.Ct. 631. Under the Bankruptcy Reform Act of 1978, which gave birth to the present Bankruptcy Code, Congress separated the filing fees required in bankruptcy cases and accomplished this by adding section 1930 to Title 28 of the United States Code. Section 1930 of title 28 provides in relevant part:

(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees:

(1) For a case commenced under chapter 7 or 13 of title 11, $155.

* * *

An individual commencing a voluntary case or a joint case under title 11 may pay such fee in installments...

(b) The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.

28 U.S.C. § 1930.

■ Bankruptcy Judge Walrath found, in *In re Ushery*, 1999 WL 1579268 (Bankr. D.Del. May 6, 1999), that the language of section 1930 permits the waiver of the administrative filing fees set by the Judicial Conference, reasoning that Congress clearly intended that this fee might be waived under section 1915(a) by providing that those fees shall be charged "[n]otwithstanding section 1915" which permits the waiver of fees. However, there is no mention as to the applicability of section 1915 in the other subsections of section 1930. Therefore, we also conclude, as have other courts, that the section 1930(b) fees may be waived by bankruptcy courts under the language of section 1915(a) itself. *See In re Stansbury*, 226 B.R. 360 (Bankr.E.D.Pa. 1998).

28 U.S.C. § 451 defines "court of the United States" as follows:

As used in this title:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

Some courts have concluded that a bankruptcy court lacks authority to waive fees under Section 1915(a), because a bankruptcy court is not listed as a "court of the United States". *In re Perroton*, 958

F.2d 889 (9th Cir.1992); *In re Buck,* 157 B.R. 247 (Bankr.W.D.Pa.1993); *In re Becker's Motor Transportation, Inc.,* 632 F.2d 242 (3d Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981).

We, like the *Ushery* and *Stansbury* courts, find *Becker* to be distinguishable:

*Becker* was decided under the former Bankruptcy Act. In *Becker, supra,* the Third Circuit Court of Appeals considered the power of the bankruptcy court to issue declaratory relief with respect to tax liability pursuant to 28 U.S.C. § 2201. *Becker,* 632 F.2d at 246–47. It is logical "to confine *Becker*'s expressly—qualified holding to the unique situation arising under 28 U.S.C. § 2201, in which the determination that a bankruptcy court is not a 'court of the United States' [actually] enhanced its powers." *Stansbury, supra* at 363.

Pursuant to the 1984 amendments of the Bankruptcy Code, Congress has since established that bankruptcy judges now "constitute a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 151. *See also In re Brooks,* 175 B.R. 409, 412–13 (Bankr. S.D.Ala.1994); *In re McGinnis,* 155 B.R. 294, 296–97 (Bankr.D.N.H.1993); *In re Melendez,* 153 B.R. 386, 388–90 (Bankr. D.Conn.1993).[1] *Cf. In re Jaritz Industries, Ltd.,* 151 F.3d 93, 96–101 (3d Cir. 1998) (Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, Congress intended "district courts" to include courts established in territories) and

*In re Crysen/Montenay Energy Co.,* 226 F.3d 160 (2nd Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1356, 149 L.Ed.2d 286 (2001) (bankruptcy courts are units of the district court for purposes of whether they may stay arbitration proceedings). Consequently, we also find that a bankruptcy court, acting as a unit of the district court, has authority to waive § 1930(b) fees as a "court of the United States."

There is an additional, constitutional policy reason for this result: a contrary finding would be an unconstitutional deprivation of due process as well as a denial of equal protection of the laws. In this instance, if the plaintiff is not permitted to proceed with her complaint in this court, she will be unable to protect her property interest in any forum, since the automatic stay provisions of the Code prohibit her from taking any action against the debtor or its property during the pendency of the bankruptcy. *Tripati v. United States Bankruptcy Court for E.D.Tex.,* 180 B.R. 160, 163 (E.D.Tex.1995); *In re Sarah Allen Home, Inc.,* 4 B.R. 724, 725–26 (Bankr. E.D.Pa.1980); *cf. Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (U.S. Supreme Court held the state provided the exclusive means of marital dissolution; therefore, to deny access to its courts merely because a person could not pay the required fees was a denial of due process).

Although we have determined that a bankruptcy court may grant IFP relief, we

---

**1.** 28 U.S.C. § 157(a) provides:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

The District Court for the Eastern District of Pennsylvania has adopted a Standing Order consistent with 28 U.S.C. § 157(a), which

provides that any and all cases meeting the criteria of § 157(a) "are and shall be referred to the Bankruptcy Judges for the district." Eastern District of Pennsylvania Bankruptcy Administration Orders, Standing Order of Reference, dated July 25, 1984 as amended by order dated November 8, 1990; *See Steinman v. Spencer,* 1996 WL 455987, at *1 (E.D.Pa. August 12, 1996).

must now decide whether the plaintiff's circumstances warrant such relief. We could locate no definitive standards to which courts may look in deciding whether to grant a request for IFP relief. *In re Koren,* 176 B.R. 740, 742 (Bankr.E.D.Pa. 1995).

 The applicant who seeks IFP treatment must submit an affidavit which establishes that she cannot afford to pay the filing fees or other costs of litigation. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40, 69 S.Ct. 85, 89 93 L.Ed. 43 (1948). The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence. In making that determination, the court evaluates the totality of the circumstances. *In re Shannon,* 180 B.R. 189, 192 (Bankr. W.D.Tenn.1995); *In re Beecham,* 181 B.R. 335, 336 (Bankr.W.D.Tenn.1994); *In re Clark,* 173 B.R. 142, 146 (Bankr.W.D.Tenn. 1994).

 To qualify for *in forma pauperis* relief under § 1915, an applicant must not only be financially eligible, but legally eligible as well.[2] Even assuming plaintiff's

legal eligibility, she appears not to meet the financial eligibility requirements to proceed IFP. Attached to plaintiff's application is a confusing "financial statement" which seems to indicate that the plaintiff's income, albeit somewhat fluctuating, consists of Self–Employment Assistance Program ($396.00 per month) and intermittent contributions from her children ($50.00 per week), which totalled approximately $596.00 per month. Plaintiff has also indicated that her monthly expenses include $357.00. If we are reading the "financial statement" correctly, after deducting plaintiff's minimum monthly expenses, she is left with $239.00. The plaintiff has represented that she has few assets which could be sold to pay the administrative fees at issue ($150.00).

Plaintiff's "financial statement" fails to prove that she is truly indigent for the purpose of IFP relief. While indigence is a relative term that does not require complete destitution, there are several relevant factors that courts have been influenced by, including: "(1) marital status and number of dependents, (2) place of residence, (3) nature of employment, (4)

---

**2.** *In re Merritt,* 186 B.R. 924, 930 (Bankr. S.D.Ill.1995); *see generally* Robert S. Catz and Thad M. Guyer, *Federal In Forma Pauperis Litigation: In Search of Judicial Standards,* 31 Rutgers L.Rev. 655, 671–73 (1978). "Congress, while opening the federal courts to individuals with rights to be adjudicated but inadequate means to pay the filing fees, at the same time attempted to safeguard these courts from vexatious litigation that would require a disproportionate expenditure of time and judicial resources." *In re Merritt, supra; citing Petitions To Sue In Forma Pauperis in federal Courts: Standards and Procedures for the Exercise of Judicial Discretion,* 56 Boston U.L.Rev. 745, 746–47 (1976).

In reviewing *in forma pauperis* applications, courts have employed a variety of standards to determine the legal merit of the action. *See Note, supra* at 747. Some courts apply a strict standard of "exceptional circumstances," requiring the applicant to demon-

strate circumstances "that would dictate immediate litigation at the expense of others," *Shobe v. California,* 362 F.2d 545, 546 (9th Cir.) *cert. denied,* 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966); *see Weller v. Dickson,* 314 F.2d 598, 600 (9th Cir.), *cert. denied,* 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). However, this test is most often stated in terms of "frivolousness" because of the language of § 1915(d), allowing for dismissal of an action found to be "frivolous or malicious." *See Coppedge v. United States,* 369 U.S. 438, 446–47, 82 S.Ct. 917, 921–22, 8 L.Ed.2d 21 (1962). Even this standard is subject to interpretation, with some courts requiring only a minimal showing of a "rational argument on the law or facts" for an action to qualify as nonfrivolous and others requiring a more substantial showing of a "realistic chance of success" on the merits. *See Note, supra,* at 749–53.

earning potential even though unemployed, and (5) efforts to obtain employment." *In re Koren,* 176 B.R. 740, 744 (Bankr. E.D.Pa.1995), *citing* R. Catz & T. Guyer, *Federal In Forma Pauperis Litigation: In Search of Judicial Standards,* 31 Rutgers L.Rev. 655 (1978).

Most notably absent in plaintiff's financial statement is any detailed explanation regarding the nature of her previous employment, her current earning potential, and/or any efforts to obtain employment. Plaintiff's Complaint alludes to serving as an Aircraft Mechanic in the United States Air Force in 1982, but does not make reference to any other employment. Moreover, plaintiff's financial statement represents that plaintiff is the owner of three automobiles, yet plaintiff asserts in Count 8 of her Complaint that her "efforts to maintain outside employment and/or self-employment contracts due to the lack of transportation were met with eventual unemployment." *See* plaintiff's Complaint at 3. Plaintiff does not provide this Court with any explanation for this seeming contradiction.

For the foregoing reasons, plaintiff's Application to Proceed *In Forma Pauperis* is denied; however, in light of the confusing financial statement, plaintiff will be given ten days from the day of the accompanying order to request, in writing, a hearing to present evidence of her financial circumstances and prospects. An Order consistent with the foregoing Memorandum follows.