## In re DuPAGE BOILER WORKS, INC., Debtor.

## Lawrence FISHER, as Trustee for Du-Page Boiler Works, Inc., Plaintiff,

### v.

## CFC CAPITAL CORPORATION, formerly known as Interfinancial Corporation and Harriet Caldwell a/k/a Harriet Scherl, Defendants.

**Bankruptcy No. 86 B 16250.**

**Adv. No. 88 A 788.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 21, 1989.

Timothy R. Casey, Lawrence Fisher, D'Ancona & Pflaum, Chicago, Ill., for plaintiff.

Alan Solow, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Chicago, Ill., for CFC Capital Corp.

Harriet Caldwell, pro se.

### MEMORANDUM OPINION

JACK B. SCHMETTERER, Bankruptcy Judge.

From the Complaint it appears that Trustee seeks to avoid a certain Assignment to Defendant Harriet Caldwell a/k/a Harriet Scherl pursuant to 11 U.S.C. § 548 (Count I), § 544(a) (Count II), and § 544(b) (Count III). At stake is a fund of at least $32,247.42, the net proceeds after sale of the relevant property.

At all times that this Adversary case pended, said Defendant has been incarcer-

438

ated in a Federal Correction Institution in Danbury, Connecticut, and has therefore been unable to attend any court proceedings here. Her husband Morton Scherl a/k/a Robert Caldwell has during the pendency of this case been incarcerated in the Metropolitan Correctional Center in Chicago, Illinois. He wrote this Court on February 3, 1989 to request *inter alia* that I appoint counsel for his wife, claiming that she is entitled to the sale proceeds and that they have no funds to employ counsel. This Court entered an Order February 22, 1989, denying that and other relief requested for what the Court then believed was its lack of authority to appoint counsel, also because the movant had no authority to make any motion on behalf of his wife. He persists in his endeavors to obtain counsel for her (and for himself) in his further letter of March 15, 1989 (appended as an exhibit hereto).

On January 25, 1989, on notice of motion and motion by trustee, Mrs. Caldwell a/k/a Scherl was ordered defaulted in this Adversary case for failure to appear or otherwise plead to the Complaint. The case was set for prove-up on February 16, 1989, and has since been continued and reset for evidence prove-up on May 8, 1989. Mrs. Caldwell a/k/a Scherl is still without counsel. Trustee's counsel reports that she may be released by the late fall of 1989, perhaps earlier by June of this year, at any event after the date of the prove-up.

The Court is disturbed at this situation. Despite incarceration, the Defendant retains her right not to be deprived of property without due process of law and the Court cannot find that due process is served by entering default judgment against an incarcerated person who cannot appear to defend herself if she indeed has a defense and cannot afford counsel to help her present that defense. Beyond due process considerations, the Court would be troubled to participate in a default hearing pretending we do not know that Debtor cannot now and never could attend to defend herself, if indeed she has some possible defense. Parties must have "meaningful access to the courts" under the Consti-

tution, *Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir.1986).

The District Courts have authority to appoint counsel to represent indigents under 28 U.S.C. § 1915, upon filing of requisite affidavit by such persons to request counsel and show grounds for such appointment. That statute provides in pertinent part that:

§ 1915. Proceedings in form pauperis

(a) Any court of the United States may authorize the commencement, prosecution *or defense of any suit, action or proceeding, civil or criminal,* or appeal therein, without prepayment of fees and costs or security therefor, *by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.*

\* \* \* \* \* \*

(d) The court may request an attorney to represent any such person unable to employ counsel.... (Emphasis supplied.)

■ While § 1915(a) gives authority to "[a]ny court of the United States" to make such appointment, it is at least unsettled as to whether a Bankruptcy Court is a "court of the United States." However, whether or not this Court is a "court of the United States," all authority of the District Court over bankruptcy cases and related proceedings in this District has been delegated by that Court to the Bankruptcy Judges of this Court by the General Order of Reference. That delegation is broad enough to authorize full use of 11 U.S.C. § 105 to enter any order that the District Court might have entered with respect to case management matters and our obligation to observe Constitutional due process demands, so long as we have *in personam* and subject matter jurisdiction. Accordingly, it must be concluded that this Court has authority to appoint counsel for an indigent under 28 U.S.C. § 1915 if the requisite affidavit showing grounds is filed by such litigant.

The prospect of appointing some knowledgeable bankruptcy lawyer to devote time and effort without great hope of recompense is distressing.[1] This Court would much prefer to see the local bar organize a panel of volunteer attorneys to assist the Bankruptcy Court by being available to volunteer for appointment in those rare situations where such is warranted. In the absence of such a panel, we must turn to 28 U.S.C. § 1915 to meet the instant problem. The Court is confident that most counsel among the excellent bar that serves this Court will view such rare appointments as within their professional duty to provide public service, and will help provide the indigent with equal justice at the bar.

While Mr. Caldwell a/k/a Scherl represented that he and his wife have no funds to employ counsel and that she has a defense, that cannot serve the function of the affidavit required by statute. Therefore, at the end of this Memorandum is an affidavit form for Mrs. Harriet Caldwell a/k/a Scherl to fill out and return directly to this Court if she wishes appointment of counsel to represent her herein and to show under oath that:

(a) She is unable to pay costs or fees, or give security for the costs or fees of employing such counsel; and

(b) She has a defense to the Complaint, and sets forth in lay terms what she believes that defense to be to each count and states her belief that she is entitled to redress by way of such defense(s).

Such affidavit must be received by this Court no later than May 1, 1989, at the following address:

Ms. Lynne Koch

Secretary to Judge Jack B. Schmetterer

219 South Dearborn Street

Room 1662

Chicago, Illinois 60604

Should said affidavit be received, the Court will send copies thereof to parties of record and consider the same. In the absence of adequate affidavit by the foregoing deadline date, the default hearing will proceed as scheduled on May 8, 1989 at 11:00 A.M.

The mere filing of Defendant's affidavit may not require appointment of counsel. She first must demonstrate to this Court that her defenses are serious enough to warrant such appointment. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986). Appointment of counsel is unwarranted where the indigent's chances of success are extremely slim. *Maclin v. Freche*, 650 F.2d 885, 887 (7th Cir.1981).

*U.S. v. 30.64 Acres*, 795 F.2d 796, 801–04 (9th Cir.1986).

---

1. The District Court's authority to order appointment of counsel even if unwilling to serve has been recognized by the 8th Circuit, *Peterson v. Nadler,* 452 F.2d 754, 757 (8th Cir.1971), but that conclusion was rejected by the 9th Circuit in

## APPENDIX

**ALL BLANKS MUST BE FILLED IN BY TYPEWRITER OR LEGIBLE PRINTING AND THE AFFIDAVIT SIGNED BEFORE A NOTARY OR OTHER PERSON AUTHORIZED TO ADMINISTER OATHS.**

**State of Connecticut** )
 )
**City of Danbury** )

### AFFIDAVIT

I, _____ (name), being first duly sworn on oath deposes and says:

1. I am incarcerated under judgment of conviction in the Federal Corrections Institution at Danbury, Connecticut. The earliest that I anticipate for my release will be _____ (date), and my release may be as late as _____ (date).

2. With respect to the Trustee's suit against me in Case No. 88 A 788 before the United States Bankruptcy Court in Chicago, Illinois, a case related to the Bankruptcy case of DuPage Boiler Works, Inc., I wish the Court to appoint counsel for me. I am unable to pay the costs or fees for such counsel or to give security for the payment of costs or fees. To demonstrate my inability to do so, I set forth below a truthful list of all my personal assets and debts at the present time:

| ASSETS | DEBTS |
|---|---|
| 1. | 1. |
| 2. | 2. |
| 3. | 3. |

4. 4.

5. 5.

6. 6.

7. 7.

8. 8.

9. 9.

10. 10.

3. I believe that I am entitled to redress by way of defense of the Trustee's suit against me because I have one or more defenses to that suit. Those defenses are the following:

### Allegations in Count I

With respect to property at 5 Court of Island Point in Northbrook, Illinois, that property has been sold and the Trustee received net proceeds of $32,247.42. Harriet Caldwell claims 100% beneficial interest in the land trust that held title in that property because of an Assignment of such interest to her from Debtor DuPage Boiler Works, Inc., signed by its President Jack Eberewein, and delivered in August of 1986 but "back dated" to April 1, 1985. Trustee further alleges that the transfer to Mrs. Caldwell was made with actual intent to delay or defraud creditors to which the DuPage Boiler Works then was, or became after the transfer, indebted. Alternately, he alleges that (a) Debtor received less than reasonable equivalent value in exchange for such transfer, or (b) Debtor (i) was insolvent on date of transfer, or became insolvent because of the transfer; or (ii) was engaged in business for which any property remaining with Debtor after the transfer was unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as those debts continued.

For such reasons Trustee seeks to avoid the transfer as fraudulent, and to recover all net proceeds of sale.

442

## Caldwell Defense to Count I

(To be filled out in as great detail as possible, and copies of all documents that you possess with respect to the defense should be attached to the affidavit when it is returned.)

## Allegations in Count II

With respect to the same Northbrook property, Trustee contends that Ms. Caldwell failed to perfect (by proper recording) the purported security interest to her, and also alleges that the agreement was not signed by all requisite parties including the Land Trustee. Therefore, Trustee seeks again to void the assignment and recover the net process of sale for the estate.

## Caldwell Defense to Count II

444

### Allegations in Count III

**Trustee** alleges that at the time of the Assignment to Ms. Caldwell of the Northbrook property interest, there were then creditors of DuPage Boiler Works, Inc. who had standing to seek to void the transfer as fraudulent against them. Therefore the Trustee seeks to set aside the Assignment and recover the net proceeds of sale.

### Caldwell Defense to Count III

I have read the above and foregoing affidavit and know that the statements therein are true.

---------------------------------------
(Signature)

---------------------------------------
(Print full name)

Registration Number:_____

Address:_____

_____

_____

_____

SUBSCRIBED and SWORN to
before me this ____ day
of _____, 1989.

---------------------------------------
Notary Public

446

EXHIBIT

RECEIVED
MAR 20 1989
JACK B. SCHMETTERER BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

3-16-89
Re: 88 A 788

Dear Judge Schmetterer,

I was not aware of program established by U.S. District Court for appointing attorneys to represent civil litigants. But know that I am, I am asking you to appoint one jointly for me and my wife.

You have that power, I already have accident appointed atty Judge Kocoras Court, that's a criminal matter, one on Judge Norgle's about that civil.

Please I ask you for one. I am the owner of Judge Bailey Works both in a creditory position, a plaintiff and need counsel. I have tried to aid Judge Fisher in these areas but can do better with my own atty. Whatever forms have to be filled out please have you sent toward them, or let the same as the motion or forms in Pauper Statements are on file. Thank you,

Morton Askel
74800-037

cc Judge Purdy

T/W VAN Buren
Thomas St. 60605