**In re Rainsford J. WINSLOW, et al., Debtors.**

**Rainsford J. WINSLOW and Winifred W. Winslow, Appellants,**

v.

**SOLOMON & LINDQUIST-KLEISSLER, Appellee.**

**Civ. A. No. 91-K-1162.**

United States District Court, D. Colorado.

Nov. 6, 1991.

See also 133 B.R. 533.

Rainsford Winslow, and Winifred Winslow, pro se.

Arthur Lindquist–Kleissler, Solomon & Lindquist–Kleissler, Denver, Colo., for C. Gail Hunter, U.S. Trustee.

E. Ord Wells, Ft. Morgan, Colo.

Robert J. Dyer, III, Paul G. Urtz, Stutz, Dyer & Miller, Denver, Colo.

Philip A. Pearlman, Skeen & Pearlman, Denver, Colo.

Christina C. Bauer, Brush, Colo.

## ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND DISMISSING APPEAL

KANE, Senior District Judge.

The Debtors commenced this appeal on July 2, 1991, challenging the bankruptcy court's June 25, 1991 ruling awarding attorney fees to the law firm of Solomon & Lindquist–Kleissler. On August 9, 1991, an order issued directing the Debtors to show cause why this appeal should not be dismissed for their failure to pay the filing fee. The Debtors failed to respond, and the court entered an order, dated August 28, 1991, dismissing this appeal.

On September 5, 1991, the Debtors moved to alter or amend the order of dismissal, contending that they had pending before the bankruptcy court a motion to proceed in forma pauperis. I granted the Debtors' motion to alter or amend, ordering them to complete the appropriate forms for the bankruptcy court's consideration of their in forma pauperis petition. The Debtors apparently failed to do so, but filed in connection with related contempt proceedings a financial affidavit upon which the bankruptcy court relied in considering the instant motion to proceed in forma pauperis. In an order entered October 11, 1991, the bankruptcy court denied the motion, concluding:

In this Court's recent order of September 20, 1991, a copy of which is attached, the Court found that there was no discernable basis upon which the award of fees could be challenged on appeal by these Debtors. This Court has severe doubts

concerning the good faith of this appeal. In addition, while this Court expressed reservations about the ability of the Debtors to be able to afford to pay counsel in connection with the contempt proceedings, there appears little doubt from the Debtors' financial affidavit of their ability to pay $100.00 for a filing fee. (Order on Motion to Appeal *In Forma Pauperis* Filed September 30, 1991 at 2).

 Under 28 U.S.C. § 1915(a), the federal courts may authorize the commencement and prosecution of any proceeding without the prepayment of fees and costs upon a proper showing that the party is unable to pay those fees and costs. An appeal, however, may not be taken in forma pauperis "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). Here, the bankruptcy court has found "no conceivable basis" upon which its ruling could be challenged, and its conclusion appears well-founded.

Debtors neither responded nor objected to the motion for attorney fees. Their contention that the bankruptcy court erred in entering the judgment on the motion for sanctions after it had previously agreed to hold the motion in abeyance is incorrect. As the bankruptcy court explained in its September 20, 1991 Order on Trustee's Motion to Lift Stay, the order awarding sanctions concerned the Debtors' conduct during Rule 2004 examinations, not the contempt proceedings in which a separate motion for fees was held in abeyance. Further, in their opening brief, the Debtors raise issues completely irrelevant to the merits of this appeal, attempting to rear-

gue matters barred by the doctrines of res judicata and collateral estoppel.[1]

Accordingly, the motion to proceed in forma pauperis in this appeal is DENIED, based on the bankruptcy court's certification that the appeal has not been taken in good faith. Alternatively, the appeal is dismissed as frivolous, as Debtors can make no rational argument in law or on the facts to support their claim that the bankruptcy court erred in awarding fees to the firm of Solomon & Lindquist–Kleissler. *See id.,* § 1915(d); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The Debtors' motion for stay and the Trustee's motion to dispense with filing briefs are DENIED as moot.

---

1. Specifically, they argue that (1) the judge presiding over their bankruptcy case should be disqualified for bias and prejudice, (2) they were denied a fair trial in state court, resulting in two invalid judgments against them, (3) two judges presiding over an appeal in which the state court judgments were upheld were improperly appointed, (4) two judgment creditors filed false proofs of claim. In an order entered in related proceedings, I recently addressed the merits of each of these arguments. *See In re Winslow,* 132 B.R. 1020 (D.Colo.1991). I adopt the same reasoning here.

In addition, the Debtors represent in their brief that "Judge Matheson is enforcing an illegal Order by Judge Patricia Ann Clark con-

cerning $875 in sanctions which were issued without due process. In fact, this matter is still on appeal before Judge Matsch. He had no jurisdiction to take over on this matter at all." (Verified Opening Brief of Appellants at 2.) This is a blatant misrepresentation of the record. In an order entered well over a year ago, Judge Matsch found no merit to the Debtors' contentions concerning the sanctions entered by Judge Clark. *See Winslow v. Williams Group (In re Winslow),* 134 B.R. 949, 956 (D.Colo.1990). That ruling was affirmed by the Tenth Circuit. *Id.,* 935 F.2d 278 (10th Cir.1991). Thus, the matter is *not* pending before Judge Matsch or any other court and has been fully and finally adjudicated against the Debtors.