**In re James L. BUCK, Debtor.**

**Bankruptcy No. 93–21369–BM.**
**Motion No. 93–753M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 16, 1993.

Edward R. Schellhammer, Southern Alleghenys Legal Aid, Inc., Johnstown, PA.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor James L. Buck has moved (at Motion No. 93–753M) for leave to proceed *in forma pauperis.* Specifically, he seeks leave to forego payment of a miscellaneous administrative fee of $30.00, which now is required of chapter 7 debtors, for all notices sent out in this case by the Clerk of this court.

Debtor argues that this court has authority to grant such relief even though it lacks direct authority to do so pursuant to 28 U.S.C. § 1915(a).

The motion will be denied for reasons set forth below.

–I–

## FACTS

On April 19, 1993, debtor filed a voluntary chapter 7 petition. He paid $100.00 of the filing fee required by 28 U.S.C. § 1930(a) when the petition was filed. Appended to the bankruptcy petition was a request for leave to pay the remaining $20.00 of the required filing fee on or before May 19, 1993. An order of court granting debtor's request was issued that same day. The docket indicates that debtor paid the remainder of the filing fee on April 23, 1993.

That same day—i.e., on April 19, 1993—, debtor also filed a motion pursuant to 28 U.S.C. § 1915(a) for leave to proceed *in forma pauperis* in lieu of paying a required administrative fee of $30.00 promulgated by the Judicial Conference of the United States pursuant to 28 U.S.C. § 1930(b).[1]

Attached to debtor's motion for leave to proceed *in forma pauperis* is a "certification" wherein debtor asserts that he has no "substantial assets" which could be liquidated to pay the prescribed fee; that his sole source of income is $174.00 per month in welfare payments; and that he is unable to pay the fee "because of his poverty".

A hearing on debtor's motion was held on June 11, 1993. On June 28, debtor submitted a post-hearing brief wherein he attempted to demonstrate that this court has authority to grant the relief requested.

–II–

## ANALYSIS

As has been noted, the Judicial Conference of the United States has promulgated

a requirement pursuant to the authority vested in it by 28 U.S.C. § 1930(b)[2], wherein a debtor in a chapter 7 case commenced on or after December 1, 1992 shall pay to the Clerk of the Bankruptcy Court a fee of $30.00 for all notices generated in this case.

A court's authority to permit a litigant to proceed *in forma pauperis* is derived from 28 U.S.C. § 1915(a), which provides as follows:

> Any *court of the United States* may authorize the commencement ... of any suit, action, or proceeding ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefore ... (Emphasis added.)

This provision expressly authorizes any "court of the United States" to permit a litigant to proceed *in forma pauperis.*

Definitions of various terms and phrases occurring in Title 28 are set forth at 28 U.S.C. § 451, which provides in pertinent as follows:

> As used in this title:
>
> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

This portion of § 451 is identical in all salient respects to the provision which was in effect in 1978. When Congress enacted the Bankruptcy Reform Act in 1978, it amended this provision by adding the clause "and bankruptcy courts, the judges

---

1. In September of 1992, the Judicial Conference established the following fee for all notices generated in bankruptcy cases:

    (8) For all notices generated in cases pending on December 1, 1992, under any chapter of Title 11 of this United States Code and in cases filed after December 1, 1992 under chapter 9, 11, and 12, 50 cents each. The fee shall be payable only from the estate and only to the extent there is an estate. In all cases filed under chapter 7 or chapter 13 on or after

December 1, 1992, the clerk shall collect from the debtor a miscellaneous fee of $30, in lieu of the 50 cents per notice fee prescribed above.

2. 28 U.S.C. § 1930(b) provides as follows:

    (b) The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.

of which are entitled to hold office for a term of 14 years".[3]

The scheduled effective date of this amendment was June 28, 1984. In 1980, before the scheduled effective date had arrived, the United States Court of Appeals for the Third Circuit held that a bankruptcy court was *not* a court of the United States under the version of § 451 that was still in effect. *See Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242, 247 (3d Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981).

Congress' unmistakable intention in so amending § 451 was to expressly include bankruptcy court among the courts of the United States for purposes of Title 28. Had the amended version of § 451 become effective, it would have overruled *Becker's Motor Transportation.* Intervening events were such, however, that the amended version of § 451 never took effect.

Congress, in its response to the decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), enacted the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA") in 1984. Among other things, BAFJA provided that the above amendment of § 451, which was to take effect on June 28, 1984, was eliminated. The phrase "shall take effect on June 28, 1984" was replaced with "shall not take effect".

A consequence of the elimination of the amendment to § 451 is that the definition of "court of the United States", with exceptions not here relevant, is unchanged from the definition in effect when *Becker's Motor Transportation* was decided. Accordingly, there is no basis for concluding that the holding in the case is no longer viable. It *remains* the law in this circuit that a bankruptcy court is not a court of the United States for purposes of the provisions of Title 28.

As has been indicated, only a court of the United States has authority to grant a petition brought pursuant to 28 U.S.C. § 1915(a) for leave to proceed *in forma pauperis.* This court is hard-pressed to understand what it is if it is not a court of the United States. Be that as it may, however, this court nonetheless is duty bound to adhere to a holding by the United States Court of Appeals for the Third Circuit which remains viable. Accordingly, this court has no alternative but to conclude that it lacks authority brought pursuant to 28 U.S.C. § 1915(a) to grant leave to proceed *in forma pauperis.*

■ This last determination is *not* the end of the matter, however. Debtor contends that this court nonetheless has such authority even though it does not qualify under § 451 as a court of the United States. According to debtor, this court has such authority by virtue of 28 U.S.C. §§ 151[4] and 157[5].

---

3. The amended version of 28 U.S.C. § 451 read as follows:
   The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior, and bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years.

4. 28 U.S.C. § 151 provides as follows:
   In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any

action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

5. 28 U.S.C. § 157 provides in pertinent part as follows:
   (a) Each district court may provide that any or all cases under title 11 and any or all proceeding arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
   (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, any may enter appropriate orders and judgments, subject to review under section 158 of this title.

The United States Court of Appeals for the Third Circuit apparently has not been called upon to decide whether a bankruptcy court has such authority by virtue of 28 U.S.C. §§ 151 and 157 even though it is not a court of the United States and thus lacks authority to so act under 28 U.S.C. § 1915(a).

There is disagreement among the courts that have been called upon to decide this question.

The United States Court of Appeals for the Ninth Circuit has held that such authority is *not* found in 28 U.S.C. §§ 151 *et seq.* *See In re Perroton,* 958 F.2d 889 (9th Cir. 1992). Its holding is based in large measure upon the fact that §§ 151 *et seq.* were enacted as part of the same legislation as had eliminated the above amendment of § 451 before it took effect. *Id.* at 896.

Other courts have expressly rejected the rationale of *Perroton* and have held that a bankruptcy court does have such authority pursuant to 28 U.S.C. §§ 151 *et seq.*, which authorize the district court to refer certain matters to the bankruptcy court, a "unit" of the district court, for decision. *See In re Melendez,* 153 B.R. 386 (Bankr.D.Conn. 1993); *also In re McGinnis,* 155 B.R. 294 (Bankr.D.N.H.1993).

The holding in *Perroton* relies heavily upon its interpretation of the significance of Congress' elimination of the above amendment of § 451 before it took effect. *Melendez* and *McGinnis* accuse *Perroton* of misunderstanding Congress' response to *Marathon.* They **reject** the inference drawn in *Perroton* that when Congress eliminated the above amendment to § 451 it thereby meant to deprive bankruptcy courts of any authority to grant litigants permission to proceed *in forma pauperis.*

The arguments of *Melendez* and *McGinnis* have a circean allure in that they unabashedly strive to maximize the power and authority of bankruptcy courts. Were this court writing on a *tabula rasa,* it, like Odysseus' crew, might succumb to the arguments and concur. This court, however, is constrained by prior rulings of the Third Circuit, which it must take into account in this instance.

The analysis set forth in *Melendez* and *McGinnis* is convoluted and, at the very least, is paradoxical.

On the one hand, it has Congress expressly and unequivocally depriving bankruptcy courts of authority to permit litigants to proceed *in forma pauperis* when it eliminated the above amendment to § 451 before it took effect. On the other hand, it has Congress, in the very same piece of legislation, impliedly granting such authority to bankruptcy courts by means of 28 U.S.C. §§ 151 and 157. In short, the argument has Congress directly taking away such authority with one hand while indirectly giving it back with the other.

This court feels constrained to **reject** the holdings of *Melendez* and *McGinnis,* which imply that bankruptcy courts have authority to permit litigants to proceed *in forma pauperis* even though they unquestionably lack such authority under the statute which governs *in forma pauperis* requests. Such a result appears to be inconsistent with the prevailing law in this circuit. Accordingly, they must be rejected in favor of the holding that this court lacks authority to grant relief requested by debtor in this case.

There is no doubt that the district court has authority pursuant to 28 U.S.C. § 1915(a) to grant debtor relief if it is warranted. Accordingly, if debtor wishes to have his request considered, he will have to ask the district court to consider the merits of his prayer for relief.

An appropriate order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 16th day of August, 1993, in accordance with the accompanying Memorandum Opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that debtor's Motion For Leave To Proceed *In Forma Pauperis* be and is **DENIED.**