**Anant Kumar TRIPATI, Petitioner,**

v.

**UNITED STATES BANKRUPTCY COURT FOR the EASTERN DISTRICT OF TEXAS, and the Clerk Thereof, Respondents.**

**No. 4:95MC6.**

United States District Court,
E.D. Texas,
Sherman Division.

April 12, 1995.

---

Anant Kumar Tripati, Florence, AZ, pro se.

## *ORDER*

PAUL N. BROWN, District Judge.

Pending before the Court for resolution is the Petition for a Writ of Mandamus filed by Anant Kumar Tripati, and the Court after considering the same, has concluded that it should be granted.

## *INTRODUCTION*

Anant Kumar Tripati ("Tripati") is a creditor in Bankruptcy Case No. 95–40059–S in the United States Bankruptcy Court, Eastern District of Texas. On February 2, 1995, Tripati attempted to file with the Bankruptcy Court Clerk a Motion to Continue Meeting of Creditors and Dischargeability Dates, to Lift Stay and Transfer the Matter to the United States District Court. Tripati also attempted to file an Adversary Complaint and Objections [sic] Third Party Complaint. From the sparse information before this Court, it appears that Tripati requested that the documents be filed and that he be allowed to proceed *in forma pauperis* or that he be allowed to pay his filing fees in installments.

The Deputy-in-Charge of the Bankruptcy Court Clerk's office returned the materials to Tripati along with a letter explaining that there is no provision in Bankruptcy Court allowing parties to proceed *in forma pauperis,* and further explaining the filing fees due if he wished to attempt to file in the future. Tripati responded by sending a second package of materials including a Motion to Defer Fees and an Adversary Complaint. Again the Deputy-in-Charge returned the materials unfiled.

On February 24, 1995, Tripati filed with the Clerk of the Bankruptcy Court a Petition for Writ of Mandamus, requesting that this Court issue a writ of mandamus directing the

Bankruptcy Court to allow Tripati to pay the filing fees in installments. Pursuant to Bankruptcy Rule 5005, Tripati's petition was forwarded by the Clerk to this Court on March 1, 1995.

## TRIPATI'S PETITION

■ The remedy of mandamus is a drastic one and is to be invoked only in extraordinary situations. *Kerr v. United States Dist. Court N. Dist. of Cal.*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). In order to be entitled to a writ of mandamus, "[P]etitioners must show that they lack adequate alternative means to obtain the relief they seek ... and carry the burden of showing that [their] right to issuance of the writ is clear and is indisputable." *In re American Airlines, Inc.*, 972 F.2d 605, 608 (5th Cir.), *cert. denied sub nom. Northwest Airlines, Inc. v. American Airlines, Inc.*, —— U.S. ——, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

The Court has been unable to discern any statutory support for Tripati's request other than the general authorization for proceeding *in forma pauperis* contained in 28 U.S.C. § 1915(a). Under section 1915(a), "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor...." There has been a considerable difference of opinion on the application of this statute in the context of a bankruptcy proceeding. *See, e.g., In re Rogers*, 147 B.R. 16 (Bankr. E.D.Va.1992); *In re Gurda Farms, Inc.*, 10 B.R. 479 (S.D.N.Y.1980).

In *United States v. Kras*, the Supreme Court made the broad statement that section 1915(a) was rendered inapplicable to bankruptcy cases. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). The Court, however, is of the opinion that Kras is distinguishable from the instant case, and that *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), and its progeny provide the rule in this case. In *Kras*, a bankrupt debtor desired to proceed through discharge without payment of any fees under 28 U.S.C. § 1915(a). *Kras*, 409 U.S. at 439–40, 93 S.Ct. at 635. The District

Court held that section 1915(a) was not available to a bankrupt debtor because of its preemption by the Referees' Salary Bill, H.R.REP. No. 1037, 79th Cong., 1st Sess. 6 (1945); S.REP. No. 959, 79th Cong., 2d Sess. 7 (1946). *Kras*, 409 U.S. at 439–40, 93 S.Ct. at 635. The District Court went on to find, however, that requiring the debtor to pay the prescribed fees as a condition precedent to discharge amounted to a denial of due process. *Id.*

Justice Blackmun, writing for the Court, upheld the District Court's finding that section 1915(a) did not apply and held that the requirement that the prescribed fees be paid prior to discharge did not violate due process because bankruptcy was not a right, but a privilege. *Id.* at 439–48, 112 S.Ct. at 635–39. Specifically, the Court found that there was not a constitutional right to obtain the discharge of debts in bankruptcy. *Id.* at 445–47, 93 S.Ct. at 638. The Court distinguished Kras's circumstances from the facts of *Boddie* by finding that bankruptcy is not the exclusive means of adjusting or eliminating debts. *Id.* at 443–47, 93 S.Ct. at 637–38. The Court also held that if Kras did not receive the discharge of his debts in bankruptcy his position would not be "materially altered in any constitutional sense." *Id.* at 445, 93 S.Ct. at 638. Finally, the Court distinguished the position of a debtor entering voluntary bankruptcy from the situation where an impoverished defendant is forced into court to answer a lawsuit against him. *Id.* at 441–43, 93 S.Ct. at 636.

■ This Court finds that the facts and rationale existing in *Kras* are inapposite to the situation presented by Tripati. Unlike the party in *Kras*, Tripati is not a bankrupt debtor seeking discharge in bankruptcy. Rather, Tripati is a creditor who, much like the indigent defendant discussed in *Kras*, is called upon by his debtor who has sought bankruptcy protection, to bring his claims in the bankruptcy court or face the loss of those claims. Tripati's case should be controlled by *Boddie*. The *Boddie* decision was based on the notion that a State cannot deny access, simply because of one's poverty, to a "judicial proceeding [that is] the only effective means of resolving the dispute at hand."

*Boddie,* 401 U.S. at 376, 91 S.Ct. at 785. Just as the state in *Boddie* provided the exclusive means of marital dissolution, Tripati's debtor, by choosing bankruptcy, has made participation in the bankruptcy proceeding the exclusive means of resolving Tripati's claims. *Id.* at 375–79, 91 S.Ct. at 785–86.

■ The Court is of the opinion that to deny an indigent person the right to defend in bankruptcy his interest as a creditor merely because he cannot afford to pay the fees would amount to an unconstitutional deprivation of due process and denial of equal protection. *See In re Sarah Allen Home, Inc.,* 4 B.R. 724, 725–26 (Bankr.E.D.Pa.1980). The Constitution demands that a party be afforded an opportunity to be heard before his claims are disposed of. *Armstrong v. Manzo,* 380 U.S. 545, 550–52, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). As a creditor of the bankrupt debtor, Tripati's failure to fully adjudicate his claims against the debtor's estate in the Bankruptcy Court would in all likelihood render his claims worthless. Thus, the Court finds that Tripati has succeeded in showing that he has no alternative means of relief and in showing that he is clearly entitled to the requested writ.

Therefore, the Court is of the opinion that a Writ of Mandamus should issue directing the Bankruptcy Court to make a determination of Tripati's ability to proceed under 28 U.S.C. § 1915 and to allow Tripati to proceed *in forma pauperis* if he so qualifies.

IT IS SO ORDERED.