**In re Alfred BARHAM, Debtor.**

**Fern BARHAM, a/k/a Fern Artus, Plaintiff,**

**v.**

**Alfred BARHAM, Defendant.**

Bankruptcy No. 96–40866.
Adv. No. 96–4087.

United States Bankruptcy Court,
W.D. Missouri.

June 5, 1996.

Nancy E. Fox, Overland Park, KS, for Plaintiff.

Daniel C. Hall, Aldridge & Hall, Kansas City, MO, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiff Fern Artus moved this Court for an Order permitting her to commence an adversary proceeding *in forma pauperis* ("IFP"). Attached to plaintiff's motion was a verification. The United States District Court for the Western District of Missouri (the "District Court") requires that an "Application for Leave to File Action without Payment of Fees, Costs, or Security, With Affidavit of Financial Status in Support" accompany any motion to proceed IFP.[1] Said application and an "Affidavit of Financial Status," consistent with the District Court requirement, did not accompany plaintiff's motion, therefore, the motion is DENIED.

In any event, there is a split as to whether IFP relief is available in bankruptcy court.

In this District, this Court previously held that IFP is not available to a debtor when filing a bankruptcy petition. *In re Ennis,* 178 B.R. 192, 195 (Bankr.W.D.Mo.1995). However, 28 U.S.C. § 1930(a) specifically precludes the IFP relief to debtors in bankruptcy that is otherwise afforded by 28 U.S.C. § 1915(a). There is no provision in 28 U.S.C. § 1930 that precludes IFP relief as to adversary actions. There is a split of authority as to whether bankruptcy courts can waive fees in adversary proceedings. In *In re Merritt,* 186 B.R. 924, 930 n. 10 (Bankr. S.D.Ill.1995), the Court references cases that have addressed this issue. In *In re Perroton,* 958 F.2d 889 (9th Cir.1992), the Court held that a bankruptcy court is not a "Court of the United States," therefore, it cannot waive fees under 28 U.S.C. § 1915.[2] In *In re Melendez,* 153 B.R. 386 (Bankr.D.Conn.1993), *In re Shumate,* 91 B.R. 23 (Bankr.W.D.Va. 1988), and *In re Palestino,* 4 B.R. 721 (Bankr.M.D.Fla.1980), the courts held that bankruptcy courts do have the authority to waive fees under 28 U.S.C. § 1915. I do not reach the issue, as plaintiff has not complied with the technical requirements of the District Court.

The motion to proceed *in forma pauperis* is DENIED.

IT IS SO ORDERED.

---

1. The application can be obtained from the Clerk of Court's office located on the second floor of the United States District Court–Western District of Missouri, 811 Grand Avenue, Kansas City, Missouri 64106.

2. I note that the District Court certainly has authority to waive fees. 28 U.S.C. § 1915. And, the District Court has jurisdiction over bankruptcy proceedings. 28 U.S.C. § 157. Plaintiff might consider asking the District Court to withdraw the reference for the purpose of ruling on the motion to waive fees only, provided a proper application is filed. 28 U.S.C. § 157(d).