**In re Patsy E. WOODMAN, Debtor.**

**Bankruptcy No. 97–31345.**

United States Bankruptcy Court,
D. Connecticut.

Oct. 8, 1997.

**54**

Christine M. Bazata, New Haven, CT, for debtor.

Richard Belford, New Haven, CT, trustee.

## MEMORANDUM OF OPINION AND ORDER ON DEBTOR'S APPLICATION FOR WAIVER OF FILING FEE

ALBERT S. DABROWSKI, Bankruptcy Judge.

The Debtor, Patsy E. Woodman, by and through her attorney, has filed an *Ex Parte Motion to Waive Filing Fee* (hereafter "the Motion"), Doc. I.D. No. 3, in which she requests this Court to "waive the Chapter 7 filing fee in the amount of $175." In support thereof the Debtor directs the Court's attention to her Schedules I and J reflecting monthly income and expenses of $757.00 and $720.00, respectively. The Debtor filed this voluntary Chapter 7 petition on April 7, 1997. Upon the favorable resolution of her Motion,

1. Entry of a discharge could have occurred in this case on or after August 19, 1997.

2. Section 1914(b), applicable to filing and miscellaneous fees assessed in the United States District Courts, provides that "[t]he clerk shall collect from the parties such additional fees only as prescribed by the Judicial Conference of the United States."

3. The Motion was not accompanied by a memorandum of law and did not otherwise cite to authority in support thereof.

4. The Motion, submitted by the Debtor's counsel, was not sworn and was not accompanied by the affidavit required by Section 1915(a). Failure to file this affidavit mandates the denial of an *in forma pauperis* motion. However, motions and applications to waive Section 1930–based filing

or, alternatively, upon the full payment of the $175.00, a discharge would enter in this case.[1]

Section 1930(a) of Title 28, United States Code, requires a debtor commencing a case under Chapter 7 of Title 11, United States Code, to pay a "filing fee" of $130.00. In addition, Section 1930(b) authorizes the Judicial Conference of the United States to "prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title."[2] The Judicial Conference of the United States at its session on March 7–9, 1979, set forth the schedule of fees to be charged in bankruptcy courts pursuant to this Section. That schedule, as currently amended, requires "additional fees," to be paid in all chapter 7 cases filed after December 1, 1992 as follows: Miscellaneous Fee of $30.00 and a Fee for Payment to Trustees of $15.00. It is the sum of the $130.00 Section 1930(a) "filing fee" and the $45.00 Section 1930(b) "additional fees" (also known as the "$45.00 administrative fee"), totaling $175.00, which is the subject of the Debtor's Motion.

Presumably, the Debtor relies on Section 1915(a)(1) of Title 28, United States Code,[3] which currently provides that "[a]ny *court of the United States* may authorize the commencement ... of any ... proceeding ... without payment of fees or security therefor, by a person who submits an affidavit,[4] that includes a statement of all assets such *prisoner*[5] possesses that the person is unable to pay such fees or give security therefor." (Emphasis supplied).

fees are presently before this court in a number of separate cases all of which are resolved by this memorandum and order which has been incorporated therein warranting the broader basis for the disposition herein.

5. The 1996 amendments to Section 1915, *inter alia*, added the term "prisoner" to Section 1915(a)(1). Notwithstanding this new language, and read in the context of its legislative history, this Court does not read the term "person" used therein to be presently limited to "prisoners." Rather, it is apparent that the term "prisoner" in Section 1915(a)(1) is a typographical error and that Congress actually intended that term to be "person." *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 275–77 (6th Cir.1997).

The Debtor appears to be truly indigent. Her monthly income, consisting solely of Social Security ($484.00) and Department of Income Maintenance ($263.00) payments plus food stamps($10.00), totals $757.00. After deducting her minimum monthly expenses of $720.00, the debtor is left with $37.00 to pay unforeseen costs and emergency expenses including any medical and dental expenses. This is not a debtor who has lived or now lives the "life of Riley" at the expense of creditors. Indeed, she schedules only three creditors, each one a utility company, holding non-priority claims totaling $3,872.60. It also appears that the Debtor, who is represented by *pro bono* counsel, does not have a car or use credit cards (no credit card debt is scheduled). She has $10.00 on hand, $10.00 in the bank, and little personal property all of which is exempt. Under any reasonable standard it is clear this Debtor is a pauper and is indigent.

■ This Court is, of course, fully cognizant that the term *court of the United States* as defined in Title 28, United States Code, Section 451 does not include a United States Bankruptcy Court, and that the United States Court of Appeals for the Ninth Circuit, *In re Perroton,* 958 F.2d 889, 896 (9th Cir.1992), as well as other courts have concluded therefore that a United States Bankruptcy Court lacks authority to waive fees under 28 U.S.C. Section 1915(a)(1). Numerous other courts, however, share this Court's view that as a "unit of the district court," *see* 28 U.S.C. Section 151, authority to consider *in forma pauperis* motions flows to the bankruptcy court from the district court order of reference. *In re Brooks,* 175 B.R. 409, 412 (Bankr.S.D.Ala.1994), (and cases cited therein, *Id.* at 412, fn. 7).

### The $130.00 Filing Fee

■ This Court's determination that it has authority to apply Section 1915(a) is of no benefit to this and other indigent debtors

seeking waiver of the $130.00 filing fee assessed pursuant to Section 1930(a)(1), for the Congress of the United States expressly provided that is to be charged and collected "notwithstanding section 1915." Section 1930 was enacted in the wake of *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), in which the United States Supreme Court held that the prerequisite of payment of a filing fee before discharge could be granted in a bankruptcy proceeding was not a denial of due process because the right to discharge in bankruptcy was not a fundamental right entitled to due process under the Constitution and does not deny indigents equal protection of the laws. *Id.* at 444–46, 93 S.Ct. at 637–38. Clearly, Section 1930(a)(1) prohibits this Court from waiving the $130.00 filing fee.

### The $45 "Additional Fees"

Since Section 1930(b) immediately follows Section 1930(a) but contains no reference to Section 1915, arguably, this Court is free to apply Section 1915(a) and, where appropriate, authorize the waiver of the $45.00 in additional fees assessed pursuant to Section 1930(b). Inherent in such application would be a determination that Congress intended the requirement of payment of fees, irrespective of indigent status, to be limited to the $130.00 filing fee assessed pursuant to Section 1930(a)(1). However, a Section 1915(a)-based waiver of Section 1930(b) fees would be meaningful only where a debtor paid, in full or by installments, the non-waivable Section 1930(a) filing fee. Applied to the present case, to obtain a discharge without payment of the additional fees the Debtor would have to demonstrate that she cannot pay $45.00 even though she has paid $130.00. It would seem logical to assume that most debtors able to pay approximately 75% ($130.00) of a total of $175.00 can pay the remaining 25% (or $45.00 more), by installments if necessary. The resulting incongruity is apparent.[6] Logic compels this Court to decline to

---

**6.** The Judicial Conference of the United States is obligated on or before March 31,1998, to submit to the Committees on the Judiciary of the House of Representatives and the Senate, a report relating to the bankruptcy fee system which is to include an estimate of the costs and benefits that

would result from waiving bankruptcy fees by debtors who are individuals. To assist in that report a three year study commenced in six Districts on October 1, 1994, in which indigent debtors are able to apply for a waiver of the filing fee. The report to be submitted by the

read the intentional decision to omit from Section 1930(b) the reference to Section 1915 included in Section 1930(a) as indicative of Congress' intent to limit the absolute requirement of fee payment to the $130.00 filing fee. Rather, the intent of Congress, reflected in the plain language of Section 1930(b), was to delegate authority to the Judicial Conference to prescribe additional fees in bankruptcy cases of the same kind it prescribes in non-bankruptcy cases pursuant to 1914(b).

And in prescribing the present Section 1930(b) fees, the Judicial Conference in each case specifically provided for the payment thereof in installments in a manner consistent with Fed.R.Bankr.P. 1006. Rule 1006(a) requires "every petition shall be accompanied by the filing fee except as provided in subsection (b) of this rule." [7] Subsection (b)(1) requires the clerk to accept for filing a voluntary petition by an individual if accompanied by a signed application "stating that the debtor is unable to pay the filing fee except in installments." Subsection (b)(2) authorizes the Court, upon consideration of the application, to either order the filing fee to be paid or grant leave to pay in installments. Payment by installments, if authorized, must be completed no later than 180 days following the filing of the petition. Rule 1006(b)(2) limits the number of installments to four and requires the final payment be made not later than 120 days after the filing of the petition. For cause shown, however, the Rule permits the Court to extend the time of any installment, "provided that the last installment is paid not later than 180 days after the filing of the petition."

In the final analysis, it is clear to this Court that even thought the Judicial Conference did not exclude the Section 1930(b) additional fees from waiver pursuant to Section 1915(a) by specific language or reference, it was intended that the current additional fees be paid in all bankruptcy cases. Accordingly, the Debtor's Motion must be denied.

■ The Motion, while not a signed application proposing terms for installment payments pursuant to Rule 1006(b)(1), was filed on April 7, 1997, with the petition.[8] The Debtor shall have until October 24, 1997, to pay the filing fee in full or to submit a signed application for permission to pay the filing fee in installments pursuant to Rule 1006.[9] Absent full payment or submission of a signed application as permitted herein, this case shall be dismissed.

### ORDER

**IT IS HEREBY ORDERED,** in accordance with the above, that the Debtor's Motion to Waive Filing Fee is **DENIED.**

**IT IS FURTHER ORDERED** that on or before October 24, 1997, the Debtor shall pay to the Clerk the filing fee of $175.00 in full or file a signed application for permission to pay filing fee in installments.

**IT IS FURTHER ORDERED** that, absent the full payment of the filing fee or filing of the signed statement ordered herein, this case shall be dismissed without further notice.

The Clerk is directed to serve a copy of this Memorandum of Opinion and Order on

---

Judicial Conference will provide a basis for the Congress to reconsider the propriety of requiring the payment of fees as a precondition to obtaining a discharge in bankruptcy and an opportunity to address, if deemed appropriate, the disparate application of § 1915(a) as to subsections (a) and (b) of § 1930.

**7.** The term "filing fee" as used in Rule 1006 includes, inter alia, "any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. Section 1930(b)...." Fed.R.Bankr.P. 1006(a).

**8.** Rule 1006(b)(2) contemplates court action on such an application prior to the Meeting of Cred-

itors which was scheduled and presumably held in this case on June 20, 1997.

**9.** Technically, because October 24, 1997, is beyond the time period within which installment payments in this case must be completed, *see* Rule 1006(b)(2), this Court has no discretion to authorize installment payments at this time. However, the Debtor filed her motion with the petition and bears no responsibility for the Court's delay in rendering this decision. Under these circumstances, the Court has to, should and will exercise its equitable power and authority under Code Section 105(a) to permit installment payments upon an otherwise proper application as authorized herein.

the Debtor and the attorney for the Debtor forthwith.

SO ORDERED.