**In re Catherine STANSBURY, Debtor.**

**Bankruptcy No. 98–31741DAS.**

United States Bankruptcy Court,
E.D. Pennsylvania,
Philadelphia Division.

Oct. 23, 1998.

*OPINION*

DAVID A. SCHOLL, Chief Judge.

*A. INTRODUCTION*

We herein address the issue of whether a Resolution of this court of January 29, 1993 ("the Resolution"), allowing indigent debtors to waive the $30 miscellaneous administrative fee should be extended to the $15 additional trustee fee added in 1996. We conclude, despite arguments by the United States Trustee ("the USTE") to the contrary, that the Resolution is lawful and that the $15 additional trustee fee is indistinguishable from the $30 miscellaneous administrative fee. As a result, the Debtor's Application to waive the entire $45 administrative and trustee fee will be granted.

*B. DISCUSSION*

Resolution of the issue at hand requires interpretation of several statutes and Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 1006. The statutes primarily at issue are 28 U.S.C. §§ 1930(a)(1) and (b), which provide as follows:

§ 1930. **Bankruptcy fees**

(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees:

(1) For a case commenced under chapter 7 or 13 of title 11, $130....

.    .    .    .    .

(b) The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title. . . .

It should be noted that § 1930(a), consistently with the result in *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), precludes waiver of the filing fee, but expressly designates the amount of the filing fee as $130. The additional $30 administrative fee was added by the Judicial Conference, pursuant to § 1930(b), effective December 1, 1992. *See* Judicial Conference Schedule of Fees ("Schedule"), Item 8. The $15 additional trustee fee, authorized by 11 U.S.C. § 330(b)(2)(B), became effective on October 28, 1996. *See* Schedule, at ¶ 8.1. We note that the entire $45 fee is to be paid from out of the "filing fee," 11 U.S.C. § 330(b)(1), which appears to reference the $130 sum designated in § 1930(a)(1).

In response to the addition of the $30 administrative fee, this court, after obtaining an Opinion from the Administrative Office of the United States Courts that there was a "split of opinion regarding the bankruptcy courts authority to consider motions to proceed *in forma pauperis* " in matters outside the scope of § 1930(a), adopted the Resolution, which provides as follows:

AND NOW, this 29th day of January, 1993, it is HEREBY RESOLVED, that the Clerk of Court shall receive and file all Bankruptcy Petitions so long as they are accompanied by either $30.00 or more, or by a request to waive the new miscellaneous administrative fee *in forma pauperis.*

If the petition is not accompanied by the funds or by the *in forma pauperis* request, the Clerk is directed to neither file, receive, nor lodge the petition. The Clerk may in that instance inform the person attempting to file the petition of the defect and how it may be remedied.

If the petition is accompanied by a request to waive the miscellaneous administrative fee, the Clerk shall transmit the *in forma pauperis* petition to the assigned Bankruptcy Judge for appropriate disposition.

If the petition is accompanied by less than $150.00, the Clerk shall apply the first $30.00 received to this miscellaneous administrative fee, with the balance to the bankruptcy filing fee, and so shall inform the person filing the petition.

In such instance, the Clerk may explain and provide whatever written material he has on hand regarding the individual's right to pay the filing fee in installments or to request that the miscellaneous administrative fee be waived *in forma pauperis.*

Both counsel for the Debtor and the USTE, when we requested to brief this issue, agree that the issue of waiver of the $15 additional trustee fee is in all respects indistinguishable from the issue of waiver of the $30 administrative fee. Neither party mentions the Resolution, and they may in fact be unaware of it. The USTE presents arguments which would, if accepted, require rescission of the Resolution. These arguments are as follows:

1. F.R.B.P. 1006(a), as amended effective December 1, 1996, to provide thusly, renders the §§ 1930(a)(1) and 1930(b) fees indistinguishable:

### Rule 1006
### FILING FEE

(a) **General Requirement.** Every petition shall be accompanied by the filing fee except as provided in subdivision (b) of this rule. For the purpose of this rule, "filing fee" means the filing fee prescribed by 28 U.S.C § 1930(a)(1)-(a)(5) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code. . . .

This argument is accompanied by citation to *In re Woodman,* 213 B.R. 53 (Bankr.D.Conn. 1997), which does support this argument of the USTE.

2. The only authority allowing this court to waive any fees is 28 U.S.C. § 1915(a), which applies only to a "court of the United States." Bankruptcy courts are not expressly included in the definition of a "court of the United States" provided in 28 U.S.C. § 451. Therefore, this court lacks authority to allow

any fees to be filed *in forma pauperis,* even though such fees are not within the scope of the $130 filing fee specifically referenced as nonwaivable in 1930(a). This latter argument is supported by citation of *In re Perroton,* 958 F.2d 889 (9th Cir.1992); *In re Becker's Motor Transportation, Inc.,* 632 F.2d 242 (3d Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981); *In re Buck,* 157 B.R. 247 (Bankr.W.D.Pa.1993); *In re Bauckey,* 82 B.R. 13 (Bankr.D.N.J.1988); and *In re Lamb,* 206 B.R. 527 (Bankr. E.D.Mo.1997).

The Debtor argues that F.R.B.P. 1006(a) merely provides that § 1930(b) fees are to be considered as a "filing fee" for purposes of that Rule only, *i.e.,* for purposes of allowing such fees to be paid in installments only. This interpretation is supported by 9 COLLIER ON BANKRUPTCY, ¶ 1006.03, at 1006–4 to 1006–5 (15th ed. rev.1998).

We cannot agree with the conclusions of *Woodman, supra,* 213 B.R. at 56, that the Judicial Conference, in enacting F.R.B.P. 1006(a), meant to equate § 1930(a) and § 1930(b) in every context and that

> even thought [sic] the Judicial Conference did not exclude the Section 1930(b) additional fees from waiver pursuant to Section 1915(a) by specific language or reference, it was intended that the current additional fees be paid in all bankruptcy cases.

We find that there is no indication that the Judicial Conference intended to equate nonwaivable § 1930(a) and waivable § 1930(b) fees. Even if it did so intend, Congress provided a distinction between these two types of fees in the statute, which the Judicial Conference would not have been empowered to eliminate.

Likewise, the limitation of the language of F.R.B.P. 1006(a) to the installment payment issue appears to us to be the more likely reading. If this Rule did attempt to eliminate all distinctions between the two fees, it would conflict with § 1930, and the statute would control. We therefore reject the USTE's arguments based on F.R.B.P. 1006(a), as construed by *Woodman.*

The argument that this court is not a "court of the United States" empowered to act pursuant to 28 U.S.C. § 1915(a) requires more consideration, as it is an issue which has been addressed quite frequently by the courts. At the outset, we note that the language of § 1930(a), specifically stating that the $130 filing fee cannot be waived "[n]otwithstanding Section 1915 of this title," strongly suggests that Congress assumed that § 1915 would otherwise apply to bankruptcy courts. We note, however, that a few courts have joined those cited by the USTE, *see* page 361–62 *supra,* as holding that bankruptcy courts lack § 1915 powers. *See In re Jeys,* 202 B.R. 153 (Bankr.10th Cir.1996); *In re Ennis,* 178 B.R. 192, 196–97 (Bankr. W.D.Mo.1995) (SEE, J.); and *In re Broady,* 96 B.R. 221, 222–23 (Bankr.W.D.Mo.1988) (STEWART, J.).

However, a much larger number of courts, including this court in *In re Poole,* 177 B.R. 235, 238 (Bankr.E.D.Pa.1995) (making an appointment of counsel to a creditor under 28 U.S.C. § 1915(d)); *In re Pemberton,* 148 B.R. 415, 416 (Bankr.E.D.Pa.1992) (allowing a creditor to file a motion in *forma pauperis*); and *In re Smith,* 1989 WL 4028, at *2 (Bankr.E.D.Pa. Jan. 19, 1989) (holding that 28 U.S.C. § 1915(a) can be applied, but denying application), have held to the contrary.

The cases supporting bankruptcy court in *forma pauperis* powers apply many different rationales. Two cases, including one from this jurisdiction, base their decisions on equal protection constitutional grounds. *Tripati v. United States Bankruptcy Court for E.D. Tex.,* 180 B.R. 160, 163 (E.D.Tex.1995); and *In re Sarah Allen Home, Inc.,* 4 B.R. 724, 726–27 (Bankr.E.D.Pa.1980) (GOLDHABER, CH.J.).

Two early cases, one from this Circuit, emphasize the statutory distinction between § 1930(a) and § 1930(b) and agree that it must be meaningful. *In re Palestino,* 4 B.R. 721 (Bankr.M.D.Fla.1980); and *In re Weakland,* 4 B.R. 114 (Bankr.D.Del.1980).

Several later cases opine that, in enacting the Bankruptcy Code amendments of 1984, Congress designated bankruptcy courts as units of the district courts, and as therefore within the scope of 28 U.S.C. §§ 451 and 1915(a). *See In re Brooks,* 175 B.R. 409, 412–13 (Bankr.S.D.Ala.1994); *In re McGin-*

*nis,* 155 B.R. 294, 296–97 (Bankr.D.N.H. 1993); *In re Melendez,* 153 B.R. 386 388–90 (Bankr.D.Conn.1993); and *In re Anderson,* 130 B.R. 497, 499–500 (Bankr.W.D.Mich. 1991). *Cf. In re Jaritz Industries, Inc.,* 151 F.3d 93, 96–101 (3d Cir.1998) (holding that 1984 amendments' references to "district courts" included courts established in territories).

A significant number of decisions, while usually denying relief under § 1915 in the cases before them on the merits, do not appear troubled by the "court of the United States" issue. *In re Fromal,* 151 B.R. 733 (E.D.Va.1993); *In re Winslow,* 133 B.R. 532 (D.Colo.1991); *In re Lindsey,* 178 B.R. 895, 901–02 (Bankr.N.D.Ga.1995); *In re Fitzgerald,* 167 B.R. 689, 691 (Bankr.N.D.Ga., 1994); *In re Meuli,* 162 B.R. 327 329 (Bankr.D.Kan. 1993); *In re Burrell,* 150 B.R. 369, 372–73 (Bankr.E.D.Va.1992); *In re Frottier,* 130 B.R. 614 (Bankr.S.D.Fla.1991); *In re Shumate,* 91 B.R. 23, 26 (Bankr.W.D.Va.1988); and *In re Moore,* 86 B.R. 249, 251 (Bankr. W.D.Okla.1988).

We also note a dissent from the two Western District of Missouri decisions cited at page 362 *supra* holding that bankruptcy courts lack § 1915(a) power in *In re Barham,* 197 B.R. 319, 320 (Bankr.W.D.Mo.1996) (FEDERMAN, J.). The Eighth Circuit Bankruptcy Appellate Panel, in *In re Perry,* 223 B.R. 167, 168–69 & n. 1 (8th Cir. BAP 1998); and *In re Inman,* 218 B.R. 458, 459 n. 4 (8th Cir. BAP 1998), has expressly avoided deciding the issue, as did the courts in *In re Robinson,* 196 B.R. 459 (Bankr.E.D.Ark. 1996); and *In re DuPage Boiler Works, Inc.,* 97 B.R. 437, 438 (Bankr.N.D.Ill.1989).

We are obliged to give particular attention to *Becker, supra,* as it is a decision of the Third Circuit Court of Appeals which is binding on us. There, the court decided, in a case arising under the Bankruptcy Act, that a bankruptcy court was not within the scope of "any court of the United States" which was precluded from entering a declaratory judgment in a federal tax claim dispute under 28 U.S.C. § 2201. 632 F.2d at 246–47.

It seems counterintuitive and somewhat of a stretch in reasoning to apply a decision

*empowering* a bankruptcy court to proceed where other federal courts could not to *bar* a bankruptcy court from granting relief of constitutional dimensions which other federal courts can grant. Furthermore, the *Becker* court states only that the omission of bankruptcy courts from 28 U.S.C. § 451 *"suggests* that they are not 'court of the United States' to which *the bar on declaring federal tax liabilities applies."*(emphasis added). We note that the court in *Buck, supra,* which holds, contrary to this court's Resolution, that the $30 administrative fee cannot be waived on the authority of *Becker,* is forced to concede that "[t]his court is hard-pressed to understand what it is if it is not a court of the United States." 157 B.R. at 249.

We think that there is a logical solution to the "identity crisis" expressed by the *Buck* court. That is to confine *Becker 's* expressly-qualified holding to the unique situation arising under 28 U.S.C. § 2201, in which the determination that a bankruptcy court is not a "court of the United States" enhanced its powers. In that way, a sentence of bankruptcy courts to some sort of judicial purgatory is unnecessary.

This narrow reading of *Becker* also overcomes any conflict of the result with the otherwise inexplicable express reference to § 1915 in § 1930(a). We also note that *Becker* was decided under the Bankruptcy Act. We think it quite likely, particularly after the decision in *Jaritz, supra,* that the Court of Appeals would find persuasive the reasoning of those cases cited with *Jaritz* at page 363 *supra* and holding that, as a unit of the district court under the 1984 Bankruptcy Code amendments, this court has been vested with the powers of district courts.

Alternatively, the Court of Appeals could conclude that the constitutional precept of equal protection of the laws which the *Tripati* and *Sarah Allen* cases hold is served by allowing indigent litigants to proceed *in forma pauperis* arises from the inherent powers of bankruptcy courts, as it does in the case of other federal courts. *Cf. Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.* 57 F.3d 1215, 1224 (3d Cir.1995); and *In*

*re Serano,* 222 B.R. 251, 253–54 (Bankr. E.D.Pa.1998) (holding that bankruptcy courts possess inherent process vested in all federal courts). Thus, we are unwilling to conclude that careful consideration of *Becker* requires us to rescind our Resolution.

## C. CONCLUSION

For all of these reasons, we reaffirm the Resolution of this court allowing the $30 administrative fee to be waived for qualified indigent debtors and expressly extend the scope of the Resolution to the $15 additional trustee fee as well. An order granting the Application of the Debtor and those of other qualified debtors which we have been holding pending the disposition of this matter will therefore be entered.